Belknap,
No. 4770.

RAYMOND B. LAKEMAN *v*. PHILIP LAFRANCE.

Argued October 7, 1959.

Decided December 1, 1959.

*James J. Kalled* and *Philip J. Ganem* (*Mr. Ganem* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Robert P. Bass, Jr.* (*Mr. Bass* orally), for the defendant.

LAMPRON, J. The first question transferred is the following: "In a malpractice action is the two year Statute of Limitations tolled by fraudulent concealment of facts allegedly giving rise to the cause of action?"

RSA 508:4 provides that "Actions of trespass to the person, actions for malpractice, and actions for defamatory words may be

brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward." Laws 1937, c. 21, s. 1, added actions for malpractice to the above statute which otherwise had been in substantially the same form since 1867. *Ferry* v. *Ferry,* 94 N. H. 395, 396.

Here is the chronology of events in this case. December 12, 1952 defendant is alleged to have carelessly and improperly operated upon and treated plaintiff's hip so that in nailing the left femoral neck he drove the nail beyond the head of the femur and well into the acetabulum. July 21, 1955 the course of treatment by the defendant ended. March 12, 1956 plaintiff alleges he learned for the first time the facts which are the basis of this cause of action. December 17, 1957 plaintiff brought the writ commencing this action.

Statutes of limitations are regarded as statutes of repose governing the period within which actions must be brought and are designed to eliminate fraudulent and stale claims. *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 314; 53 C. J. S. 902; 63 Harv. L. Rev. 1177, 1185. "According to the majority rule . . . fraudulent concealment of a cause of action from the one in whom it resides by the one against whom it lies constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action." Anno. 173 A. L. R. 576, 578. *Guy* v. *Schuldt,* 236 Ind. 101; *Morrison* v. *Acton,* 68 Ariz. 27; *Hinkle* v. *Hargens,* 76 S. D. 520. There is a contrary view that fraudulent concealment does not toll the operation of the statute unless the Legislature has expressly so stated in the statute itself. *Guy* v. *Schuldt, supra,* (dissenting opinion p. 114); 34 Am. Jur. 187.

It is well established that our courts will not countenance fraudulent conduct. *Way* v. *Cutting,* 20 N. H. 187, 190; *Dion* v. *Cheshire Mills,* 92 N. H. 414; *Lampesis* v. *Comolli,* 101 N. H. 279, 283. We refuse to presume that the Legislature intended to give a wrongdoer the advantage and benefit of his fraudulent concealment of a cause of action until the statute of limitations has run. We hold that the two-year limitation upon actions for malpractice is tolled by fraudulent concealment of facts essential to the cause of action until such time as the injured person has discovered them or could have done so in the exercise of reasonable diligence at which time the statutory period of limitation will start to run.

*Way* v. *Cutting, supra; Quimby* v. *Blackey,* 63 N. H. 77; *Hamlin* v. *Oliver,* 77 N. H. 523; 41 Am. Jur. 233; anno. 144 A. L. R. 209, 215. The answer to the first question transferred is "yes."

The second question is "If the foregoing question is answered in the affirmative, and if the issue of the Statute of Limitations is tried in advance of trial on the merits, is plaintiff entitled to trial by jury on this issue?"

Part I, Article 20th of our Constitution provides that "In all suits between two or more persons, except in cases in which it has been heretofore otherwise used and practiced . . . the parties have a right to a trial by jury." However "for many years it has been well settled here that in equity there is no constitutional right to trial by jury." *Dion* v. *Cheshire Mills,* 92 N. H. 414, 416. "The nature of the case and of the relief sought must be looked to for the settlement of the constitutional question." *Daley* v. *Kennett,* 75 N. H. 536, 540; *Employers Assurance Co.* v. *Tibbetts,* 96 N. H. 296; *Hampton* v. *Palmer,* 99 N. H. 143, 145.

In our opinion the defense that the statute of limitations has been tolled by fraudulent concealment is in the nature of an equitable estoppel. 34 Am. Jur. 323. Its purpose is to promote "the equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience" to avail himself of his legal defense. *Horn* v. *Cole,* 51 N. H. 287, 291, 292; *Dion* v. *Cheshire Mills, supra; Schofield* v. *Company,* 90 N. H. 31; *Bowen* v. *Casualty Co.,* 99 N. H. 107, 113; 1 Pomeroy, Equity Jurisprudence (5th *ed.*) 698; 3 *Id.* 180; 24 A. L. R. (2d.) 419.

Although equity and law have jurisdiction over fraud "the nature of the relief is the key" to whether the particular issue is one at law or in equity. *Dion* v. *Cheshire Mills, supra,* 415. In the present case the plaintiff is seeking affirmative equitable relief from a legal bar to his action at law which has been asserted by the defendant and "if the issue of the Statute of Limitations is tried in advance of trial on the merits . . . [he is not] entitled to trial by jury on this issue." *Id.,* 416. The answer to the second question is "no."

The final question is "Does the two year Statute of Limitations in malpractice actions apply to the count in Assumpsit as set forth in the writ?"

The relationship of physician and patient can give rise to two

distinct causes of action, one for improper treatment, another for failure of a promised result. *McQuaid* v. *Michou*, 85 N. H. 299, 300; *Colvin* v. *Smith*, 276 N. Y. App. Div. 9. The two causes of action are dissimilar as to theory, proof and damages recoverable. *Stewart* v. *Rudner*, 349 Mich. 459, 468. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The damages recoverable are for personal injuries including pain and suffering which naturally flow from the tortious act. *Mehigan* v. *Sheehan*, 94 N. H. 274. An action in contract is based upon a failure to perform a special agreement. The rule of damages is "the difference between the values of the condition promised and the actual condition, including incidental consequences fairly subject to contemplation by the parties when the contract is made." *McQuaid* v. *Michou, supra,* 303; *Hawkins* v. *McGee*, 84 N. H. 114, 117.

We are of the opinion that by its terms the two-year limitation contained in RSA 508:4 was intended to apply to an action of tort for malpractice but not to an action of assumpsit for breach of contract. *Robins* v. *Finestone*, 308 N. Y. 543; anno. 74 A. L. R. 1256, 1260. However the limitation is not determined by the form of the action but by its substance. *Ferry* v. *Ferry*, 94 N. H. 395, 396. An action regardless of its form based on the improper performance by a physician of his duties is subject to the two-year limitation provision for "actions for malpractice." RSA 508:4; anno. 151 A. L. R. 1027; 41 Am. Jur. 232.

Plaintiff's second count contains the following allegations: "Defendant . . . promised the Plaintiff by a special contract to set and cure, and heal the Plaintiff's hip in a skillful and proper manner . . . yet the Defendant . . . did not set, cure and heal the Plaintiff's hip and left leg in a skillful and proper manner . . . but . . . so unskillfully treated the same that by his unskillfulness the same became . . . stiff and immovable . . . causing the plaintiff great inconvenience and suffering." Although this count also alleges an express contract between the parties the gist of the allegations is defendant's wrongful act. It alleges an action for treatment in an improper manner rather than one for breach of a contract to achieve a promised result and comes within the two-year limitation of RSA 508:4. *McQuaid* v. *Michou, supra; Swankowski* v. *Diethelm*, 98 Ohio App. 271; *Horowitz* v. *Bogart*, 218 N. Y. App. Div. 158; 70 C. J. S. 984.

The answer to the third question is "yes," the two-year statute of limitations applies to the count in assumpsit as set forth in the writ.

*Remanded.*

All concurred.