Grafton,
No. 5037.

MERTON PLUME

*v.*

ROSAIRE J. COUILLARD & *a.*

Argued June 6, 1962.

Decided September 28, 1962.

*William F. Batchelder* (by brief and orally), for the plaintiff.

*Normandin & Normandin* (*Mr. F. A. Normandin* orally), for the defendants.

BLANDIN, J. The first issue which we shall consider is whether the defendants' motions for a nonsuit and directed verdict should have been granted.

Considering the evidence most favorable to the plaintiff and drawing all reasonable inferences therefrom (*Leonard* v. *Manchester*, 96 N. H. 115, 117), the record shows that the jury could have found the following facts:

The plaintiff was a tenant of the defendants and on the night of October 3, 1957, between 7 and 7:30 P.M., while descending a common stairway controlled by the defendants and maintained by them for the use of their tenants, he fell because of a piece of 4 × 4 which had been left upon the stairs. There were light fixtures on the first and second landings and at the entrance to the third floor where the plaintiff roomed, which were controlled and operated by the defendants, and which were generally lit at this time of year from about 4:40 o'clock in the afternoon until approximately 8 o'clock the next morning. However, at the time of the accident there were no lights on and the stairway was in "semi darkness."

The defendants had been having the premises, including parts of the common stairway, painted. The work was begun in August and had been completed on October 2, the day before the accident. It appears that the plaintiff recalled having seen no boards upon the stairs until about 4:40 P.M. on the day of the accident, when he returned from work. However, there was other evidence that scraps of lumber and boards had been on the stairs during the first week in October while the painting was going on. In this situation, the plaintiff was not bound by his testimony, as he could reasonably have been mistaken about it (*Cote* v. *Stafford*, 94 N. H. 251), and the jury could properly believe the contradictory evidence. *Woburn Bank* v. *Woods*, 77 N. H. 172, 178; *Brock* v. *Robinson*, 97 N. H. 334, 337-338.

Throughout this period while the painting was being done, the defendant Rosaire visited the premises five or six times a week,

"practically every day," and as he testified: "I must have covered that territory at that time." In addition to this, his agents, Mr. and Mrs. Preston, lived in an apartment at the bottom of the stairs. It was their duty to look after "the condition and the safety of the stairs." Although the defendants deny the presence of boards or lumber at any time, the conflict of testimony on this and other disputed questions was for the jury to resolve. *Lampesis* v. *Comolli,* 101 N. H. 279, 284.

In this state of the record, we believe we need not labor the point that the defendants, whose nondelegable duty it was to see that the stairs were kept in a reasonably safe condition (*Ahearn* v. *Roux,* 96 N. H. 71, 73), could be found negligent for not discovering and remedying a dangerous condition. *Ahearn* v. *Roux, supra*; see *Tremblay* v. *Donnelly,* 103 N. H. 498, 500.

It is urged, however, that if there were lumber on the stairs, the plaintiff must be held contributorily negligent as a matter of law. It appears that he was aware of conditions before he attempted to descend, but that this was the usual, and so far as the record discloses, the only feasible means of entering and leaving his apartment. He knew there was some danger involved, but he paid attention to what he was doing and had hold of the banister rail when the 4 × 4 rolled under his foot, causing his fall. In this situation it cannot be said that he was "blindly venturing into the unknown" (*Holmes* v. *Stores,* 95 N. H. 478, 480; *Cf. Heidenreich* v. *Dumas,* 88 N. H. 453), and the issue of his contributory negligence was properly submitted to the jury. *Papakalos* v. *Shaka,* 91 N. H. 265, 269. It follows that the defendants' exceptions to the denial of their motions for a nonsuit and directed verdict are overruled.

We turn now to the issue of whether there was error in the Court's allowance of the plaintiff's argument on the question of damages for future pain and disability. Although the rule has been often stated in innumerable ways and at great length, to the confusion of juries and to the advantage of paper makers, the simple test to determine whether damages for future suffering and disability should be allowed, as set forth in *L'Esperance* v. *Sherburne,* 85 N. H. 103, has not been improved upon. There the court said: "Is it more probable than otherwise that the damage is to follow?" *Id.,* 113.

As to whether he would suffer any pain and disability beyond the day of the trial, his doctor testified that the plaintiff would

have an ache which would probably continue "for some time." However, he added that the "probability is that he will have relatively little difficulty as time goes on" and again, "He would have little difficulty." This evidence, coupled with · the plaintiff's complaints of continuing pain and stiffness in his thumb at the time of the trial, was sufficient to warrant submission to the jury of the issue of future pain and disability beyond the day of the trial. *Dunham* v. *Stone*, 96 N. H. 138, 140; *Hanlon* v. *Pomeroy*, 102 N. H. 407, 408. However, it furnished no adequate basis for plaintiff counsel's closing argument, which ran as follows: "So I claim that it is not unreasonable for him to ask to receive a verdict at your hands compensating him for this loss over a ten year period . . . ." This suggestion was repeated in different phraseology on several occasions. Since the evidence did not support it, this argument was error which was compounded by counsel suggesting that the jury allow the plaintiff specific amounts for specific periods of pain and disability, even beyond the ten-year period. *Chamberlain* v. *Palmer Lumber Co.*, 104 N. H. 221. The *Chamberlain* case, in turn, rests upon the pilot decision in this state of *Duguay* v. *Gelinas*, 104 N. H. 182, where, after a thorough discussion of the opposing views on the matter, which need not be repeated here, we adopted a rule forbidding such argument.

The defendants' exceptions on this issue are therefore sustained and the order is

*New trial.*

All concurred.