Strafford,
No. 5516.

REGINALD F. TORR *v.* DOVER *& a.*

Argued December 7, 1966.
Decided January 27, 1967.

*Hamblett, Kerrigan & Hamblett* ( *Mr. Joseph M. Kerrigan* orally ), for the plaintiff.

*Calderwood, Silverman & Ouellette* ( *Mr. Raymond R. Ouellette* orally ), for the defendants.

WHEELER, J. Appeal from an assessment of damages for the taking of land for a schoolhouse under RSA 199:17. The petitioner moved for leave to enter the appeal after the expiration of sixty days after the appraisal was filed.

The defendant moved to dismiss the appeal since it was not filed within sixty days after the appraisal was filed. The Court denied plaintiff's motion for late entry as a matter of law and dismissed the appeal. All questions of law raised by the plaintiff's exception to the denial of his motion for late entry were reserved and transferred by *Leahy*, C. J.

If a landowner is aggrieved by the amount awarded for taking his land in eminent domain proceedings his remedy is set forth in RSA 199:18. "Any land owner aggrieved by such appraisal of his damages may appeal therefrom to the superior court by

petition within sixty days after the appraisal is filed with the clerk of the district; *and the procedure and remedies upon such appeal shall be the same as in appeals from the assessment of damages by selectmen in highway cases* . . . . " ( Emphasis supplied ).

RSA 234:24 relating to highway cases provides: "Any. person aggrieved by the decision of selectmen in laying out or altering of a highway, or in the assessment of damages therefor, may appeal therefrom to the superior court for the county in which such land or other property is situate by petition within sixty days after the filing of the return with the town clerk for recording *and not thereafter.* " ( Emphasis supplied ).

The plaintiff is the owner of an undivided half-interest in the property taken by the school district. In the motion for a late entry of his appeal the plaintiff alleges "that due to misfortune and mistake" the sixty days in which to take an appeal ( RSA 199:18 ) have elapsed. No other facts to support the motion for late entry are alleged.

This appeal was entered in this court on May 26, 1966. A motion to amend dated October 14, 1966 was entered in Strafford County Superior Court. This motion, which is still pending, in substance seeks an order striking out paragraph No. 2 of the original appeal and inserting in place thereof, that an assessment of damages of $5,800 was filed with the secretary of the Dover school committee on July 19, 1965; and that on July 23, 1965 a tender of $5,800 was made by check payable to the plaintiff and Keith H. Torr, the owner of the other half-interest. The motion to amend the motion for late entry of the appeal alleged that said assessment was inadequate, illegal and ineffective and that " due to mistake and misfortune" over sixty days have elapsed since said assessment was filed.

The plaintiff contends that the words "and not thereafter" appearing in RSA 234:24 are not applicable to RSA 199:18 since the latter section provides its own sixty-day period without the limiting words "and not thereafter." In this situation the plaintiff argues that this court has the inherent power to enforce equity and extend the procedural period in the absence of clear statutory language in limitation thereof. With this construction of the above sections we cannot agree. RSA 199:18 provides in part " . . . and the procedure and remedies upon such appeal shall be the same as in appeals from the assessment of damages by

selectmen in highway cases . . . . " As previously noted RSA 234:24, relating to highway cases provides for an appeal within sixty days with the added proviso "and not thereafter." The two sections must necessarily be construed together and the absolute limitation for filing an appeal set forth in RSA 234:24 controls the proceedings taken under RSA 199:18.

Statutes of limitation are designed to expedite the orderly administration of justice and for the court to invoke its inherent power in the face of a clear statutory limitation would circumvent the intent and purpose of such statutes of limitation. *Cf. Cloutier* v. *Kasheta*, 105 N. H. 262; *Perutsakos* v. *Tarmey*, 107 N. H. 51; *Alden* v. *Kimball*, 104 N. H. 454, 456. The absence of any statutory provision for extension of the time for filing in cases of accident and mistake is a further indication that the Legislature intended the sixty-day limit to be absolute. *Cf.* RSA 233:17; RSA 567:7, 9. The ruling of the Court denying the plaintiff's motion as a matter of law is sustained.

The motion filed in Superior Court after the appeal was entered here alleges in substance the same facts as in the original appeal. No new facts are stated except that the plaintiff's damages have never been appraised since the only assessment made was $5,800 for the entire property. It is undisputed that the plaintiff owns an undivided half-interest in the condemned property. The statute ( RSA 199:17 ) requires only that the "damages occasioned to the land owner by the taking of his land" shall be appraised. There is no statutory requirement that when land is owned by two or more persons the amount of damages be apportioned among the several owners in accordance with their respective shares. See RSA 234:17.

Since the plaintiff would not be entitled to the relief sought if his motions to amend were granted, there is no occasion to remand the case for further hearing in the Superior Court.

The order is

*Exception overruled.*

Blandin, J., sat at argument but took no part in the decision; the others concurred.