Cheshire
No. 6644

GLADYS SHILLADY

v.

ELLIOT COMMUNITY HOSPITAL

May 31, 1974

*McLane, Carleton, Graf, Greene & Brown (Mr. Arthur G. Greene* orally) for the plaintiff.

*Goodnow, Arwe, Ayer & Prigge* and *Anthony T. Coraine (Mr. Coraine* orally) for the defendant.

LAMPRON, J. Malpractice action against the defendant-hospital for negligence in permitting part of a needle used

in a spinal tap to break and remain lodged in plaintiff's spine. This procedure was performed on March 16, 1940, by Dr. Daniels, now deceased, who had been consulted by plaintiff and who was a member of the hospital's medical staff. This action was commenced on February 22, 1971, after an X-ray picture taken on June 5, 1970, by Dr. Robinson showed a needle-like foreign body lodged in plaintiff's back. Defendant moved that the action be dismissed on the ground that it was not brought within six years after cause of action accrued. RSA 508:4 (Supp. 1973). After an evidentiary hearing before *Grant*, J., and the submission of memoranda of law by the parties, the defendant's motion was denied and its exception transferred to this court in advance of trial.

Plaintiff testified that the spinal tap was performed under a local anesthesia and that she was aware that at least one nurse was present at all times. She was discharged at about six o'clock that evening and around ten she began having severe pains and called Dr. Daniels immediately. He diagnosed the problem as nerves and prescribed a pain-killer. After having been in severe pain almost constantly for the first year thereafter, her condition began to improve gradually and on the date of the hearing, September 21, 1972, she was suffering only about three spells a year. She was treated by Dr. Daniels until his decease about 1957, and thereafter by Dr. Robinson. She was also treated by various chiropractors.

RSA 508:4 (Supp. 1973), as amended by Laws 1969, 378:1, now reads as follows: "Except as otherwise provided by law all personal actions may be brought within six years after the cause of action accrued, and not afterwards." Prior thereto actions for malpractice were to be brought within two years after the cause of action accrued. *See Blastos v. Elliot Community Hospital*, 105 N.H. 391, 392, 200 A.2d 854, 855-56 (1964). Plaintiff's declaration contains a count in negligence and a count in contract. An examination of the latter reveals that it is in fact based on the same negligent conduct of the defendant which is the basis of the count in tort. Her action is therefore governed by the provisions of RSA 508:4 (Supp. 1973). *Lakeman v. LaFrance*, 102 N.H. 300, 305, 156 A.2d 123, 127 (1959); *see Roberts v. Richard & Sons, Inc.*, 113 N.H. 154, 304 A.2d 364 (1973).

The necessary elements of a cause of action based upon negligence are the causal negligence of the defendant plus resulting harm to the plaintiff. *White v. Schnoebelen,* 91 N.H. 273, 275, 18 A.2d 185, 186 (1941); W. Prosser, Law of Torts § 30 (4th ed. 1971). In the usual tort case some physical impact would serve to notify the plaintiff of the violation of her rights and there is no reason why the time within which her action for the resulting damages must be brought should not start to run from that date. However, there is no such manifestation to a patient in whose body a foreign object has been negligently left as a result of a surgical intervention. *Layton v. Allen,* 246 A.2d 794, 797 (Del. 1968).

This court has held that, if a plaintiff's lack of knowledge of such a violation of her rights and of her resulting cause of action is due to fraudulent concealment by the one against whom it lies, the commencement of the running of the statute of limitations will be postponed "until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action." *Lakeman v. LaFrance,* 102 N.H. 300, 303, 156 A.2d 123, 126 (1959). This rule, which prevails in many jurisdictions, of tolling the running of the statute in such a situation is based on the unfairness which would result to a plaintiff blamelessly ignorant of her injury whose action would be cut off before she was aware of its existence. W. Prosser, Law of Torts § 30, at 144 (4th ed. 1971); Comment, 17 Vand. L. Rev. 1577, 1579 (1964); Annot., 80 A.L.R.2d 368, § III (1961).

For similar reasons of fairness and equity a so-called "discovery rule" has been applied in cases such as the one which is the object of this appeal. W. Prosser, Law of Torts *supra;* Comment, *Legislation,* 17 Vand. L. Rev. 1577, 1578-80 (1964); Comment, 59 Ky. L. Rev. 990, 994-95 (1971); 61 Am. Jur. 2d *Physicians, Surgeons, Etc.* § 183 (1972); *see Lopez v. Swyer,* 62 N.J. 267, 274, 300 A.2d 563, 566 (1973). The rule is generally expressed as follows: "[W]here a foreign object is negligently left in a patient's body by a surgeon and the patient is in ignorance of the fact, and consequently of his right of action for malpractice, the cause of action does not accrue until patient learns or in the exercise of reasonable care and diligence should have learned of the presence of

such foreign object in his body." *Billings v. Sisters of Mercy,* 389 P.2d 224, 232 (Idaho 1964); *Berry v. Branner,* 245 Ore. 307, 421 P.2d 996 (1966); *Gaddis v. Smith,* 417 S.W.2d 577 (Texas 1967); *Morgan v. Grace Hosp., Inc.,* 149 W. Va. 783, 144 S.E.2d 156 (1965); *see Layton v. Allen,* 246 A.2d 794 (Del. 1968).

RSA 508:4 (Supp. 1973), like many of the statutes of limitations involved in cases which have adopted the discovery rule, does not define the word "accrued" which starts the running of the statute. Adoption of the view that, in a malpractice case involving a foreign object left in the body of a patient, the cause of action accrues when the plaintiff discovers or should have discovered that fact in the exercise of due care is a reasonable interpretation of the terms and purpose of the statute. Such an interpretation results in a proper balance between, on the one hand the encouraging of promptness in instituting actions and the avoidance of the difficulties which may result to a defendant from delay in the assertion of claims; and on the other hand, avoiding "undue strain upon common sense, reality, logic and simple justice" to say that a cause of action has accrued to the plaintiff and has been outlawed before she was or should have been aware of its existence. *Billings v. Sisters of Mercy,* 389 P.2d at 232; *Yoshizaki v. Hilo Hosp.,* 50 Hawaii 150, 154, 433 P.2d 220, 223 (1967); *Lopez v. Swyer,* 62 N.J. 267, 274, 300 A.2d 563, 566 (1973); *Morgan v. Grace Hosp., Inc. supra,* 144 S.E.2d at 161 (1965); *see Roberts v. Richard & Sons, Inc.,* 113 N.H. 154, 304 A.2d 364 (1973). Furthermore, such an interpretation does not circumvent any clearly expressed intent and purpose of RSA 508:4 (Supp. 1973). *Cf. Torr v. Dover,* 107 N.H. 501, 503, 226 A.2d 96, 98 (1966).

We hold therefore that actions for malpractice based on the leaving of a foreign object in a patient's body do not accrue until the patient learns or in the exercise of reasonable care and diligence should have learned of its presence. Our holding in *Cloutier v. Kasheta,* 105 N.H. 262, 197 A.2d 627 (1964), that an action for malpractice is deemed to accrue when the acts of negligence occur is modified accordingly.

The discovery rule applied in this case and the fraudulent concealment doctrine of *Lakeman v. LaFrance,* 102 N.H. 300,

156 A.2d 123 (1959), are both based on certain equitable considerations. Their common purpose is to obviate the often harsh and unjust results which flow from a rigid and automatic adherence to a strict rule of law. Hence the discovery rule and the fraudulent concealment doctrine require that the interests of the opposing parties be identified, evaluated and weighed in arriving at a proper application of the statute. The interpretation and application of a statute of limitations is traditionally within the province of the court in cases of this nature. *Lakeman v. LaFrance,* 102 N.H. 300, 304, 156 A.2d 123, 126-27 (1959); *Lopez v. Swyer,* 62 N.J. 267, 274, 300 A.2d 563, 566-67 (1973); *see Wyler v. Tripi,* 25 Ohio St. 2d 164, 167, 267 N.E.2d 419, 421 (1971). This determination by the court should be made ordinarily at a preliminary hearing in advance of trial as in this case.

*Exception overruled; remanded.*

All concurred.