Rockingham
No. 7075

ELISE PATRICK

v.

MAURICE A. MORIN, M.D.

September 30, 1975

*Hamblett, Kerrigan, LaTourette & Lopez* and *Linda Stewart Dalianis* (*Ms. Dalianis* orally) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Kenneth L. Robinson, Jr.* (*Mr. Robinson* orally) for the defendant.

LAMPRON, J. Action for medical malpractice instituted by a writ dated October 29, 1973, alleging negligent post-delivery procedures following the birth of plaintiff's third child on or about October 10, 1968. Defendant moved to dismiss the action on the ground that it was barred by the statute of limitations. After hearing, the Trial

Court *(Morris,* J.) denied the motion and reserved and transferred defendant's exception. The parties agreed to certain facts for the purposes of this appeal. They also agreed that a motion to dismiss an action for consequential damages brought by plaintiff's husband by writ dated September 18, 1974, would be governed by the result of this appeal. The sole issue to be decided is whether plaintiff's action "accrued" and is governed by the two-year limitation of RSA 508:4 (1968) or by the six-year limitation of RSA 508:4 (Supp. 1973) effective July 2, 1969. Laws 1969, 378:1.

Plaintiff, Elise Patrick, entered a hospital in Manchester during the month of October 1968 for the birth of her third child. The child was successfully delivered by defendant Maurice A. Morin, M.D. Some weeks thereafter plaintiff became aware of a large gauze surgical packing which had been left inside her body at the time of delivery. She removed this packing and brought it to the attention of defendant, who assured her that nothing was wrong with her. At this time she was still experiencing bleeding from the birth. The pain and bleeding continued causing her to be hospitalized twice, once in December 1968 and once in August 1970 for the purpose of having dilation and curettage operations in an attempt to stop the bleeding. She was also given a variety of prescription drugs for the same purpose, all to no avail.

Plaintiff delivered a fourth child in February 1972, and finally, in June 1972, since the bleeding continued, she was forced to have a complete hysterectomy. The defendant was not her attending physician during any of these procedures. Defendant was notified of the potential malpractice claim by plaintiff's then counsel on May 23, 1969, and defendant's insurance carrier investigated the matter but no suit was instituted until October 29, 1973.

During the period that plaintiff was treated by defendant, and until July 2, 1969, the statute of limitations governing malpractice actions (RSA 508:4 (1968)) required that all such actions be brought within two years of the time the cause of action accrued. Laws 1969, 378:1 amended RSA 508:4 (1968) by extending the period within which causes of action for malpractice could be brought to six years. This amendment became effective on July 2, 1969, and specifically provided that it "shall not affect causes of action accrued prior to its effective date."

Defendant maintains that plaintiff's cause of action accrued at the latest in the latter part of 1968 after plaintiff had discovered and removed the gauze surgical packing and her continued pain and bleeding caused her to be hospitalized for a "D & C" operation. It is

plaintiff's position that her cause of action did not arise until the consummation of the damage caused by defendant's negligence, that is, a complete hysterectomy performed in June 1972.

"The necessary elements of a cause of action based upon negligence are the causal negligence of the defendant plus resulting harm to the plaintiff." *Shillady v. Elliot Community Hosp.*, 114 N.H. 321, 323, 320 A.2d 637, 638 (1974). In the usual tort case some physical impact serves to notify a plaintiff of her rights. However, there is no such manifestation to a patient in whose body a foreign object has been negligently left as a result of a surgical intervention. *Id; Layton v. Allen,* 246 A.2d 794, 797 (Del. 1968). Hence in *Shillady supra,* we held that fairness and equity required that in such a case the cause of action for malpractice not accrue until the patient learns or in the exercise of reasonable care should have learned of the presence of the object.

In the present case plaintiff did learn that the foreign object in question had been left in her body and she removed it "some weeks" after the delivery of her child by the defendant in October 1968. Plaintiff continued to have pain and bleeding thereafter and was hospitalized in December 1968 for a surgical procedure to relieve her ailments. At that point in time, at the latest, the necessary ingredients for the accrual of a cause of action were present, that is, a known negligent act by the defendant with resulting harm or damage. *White v. Schnoebelen,* 91 N.H. 273, 275, 18 A.2d 185, 186 (1941); *Berry v. Branner,* 245 Ore. 307, 312, 421 P.2d 996, 998 (1966); W. Prosser, Law of Torts § 30 (4th ed. 1971); *see Deschamps v. Camp Dresser & McKee, Inc.,* 113 N.H. 344, 306 A.2d 771 (1973).

It is not necessary, as contended by plaintiff, that her ultimate damage, the hysterectomy, have occurred before the statute of limitations starts to run. She could have recovered that damage under proper proof in an action begun when the harmful effects of defendant's discovered negligence, the pain and continued bleeding, became manifest some time in late 1968. The running of the statute does not depend on whether a cure has been effected. *Collins v. Wilmington Medical Center, Inc.,* 319 A.2d 107, 108 (Del. 1974); *see Plume v. Couillard,* 104 N.H. 267, 269-70, 184 A.2d 452, 454 (1962); *Paju v. Ricker,* 110 N.H. 310, 266 A.2d 836 (1970). To delay the commencement of the running of the statute of limitations until plaintiff's ultimate degree of damage becomes known would allow suits to be brought long after the event, contrary to the intent and purpose of such statutes. *Dupuis v. Smith Properties, Inc.,* 114 N.H. 625, 629, 325 A.2d 781, 783 (1974). We hold that plaintiff's action

accrued sometime in late 1968 and was subject to the two-year limitation of RSA 508:4 (1968). As her suit was not instituted until October 29, 1973, and the agreed facts do not come within the recognized exception of fraudulent concealment by a defendant, the motion to dismiss should have been granted. *See Lakeman v. LaFrance,* 102 N.H. 300, 156 A.2d 123 (1959).

*Judgment for defendant.*

DUNCAN and GRIFFITH, JJ., did not sit; the others concurred.