Grafton
No. 7506

JOHN B. MCKEE & a.

v.

FRANCIS J. RIORDAN

November 30, 1976

*Branch & Tobin (Mr. Thomas J. Tobin* orally) for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James C. Wheat (Mr. Wheat* orally) for the defendant.

GRIFFITH, J. This is an action for malpractice alleging the defendant, an attorney at law, while acting as the plaintiffs' attorney negligently failed to prosecute a claim on their behalf so that their claim was barred by the statute of limitations. Plaintiffs' present action was brought more than six years after expiration of the original six-year statute of limitations governing the plaintiffs' original claim. The defendant pleaded the statute of limitations and the Trial Court, *Batchelder,* J., transferred without ruling the question of whether or not the statute of limitations is a proper defense.

The transferred case indicates there was no hearing on defendant's motion and the reserved case does not disclose the facts on which the defendant's motion is based. However the briefs of the parties establish that the essential facts are not in dispute. It appears from the plaintiffs' declaration that they claim to have engaged the defendant to prosecute a claim against the United States Department of Agriculture, Forest Service for breach of contract. According to defendant's brief, in November of 1963 the defendant brought an action in the United States District Court for New Hampshire against the United States of America. This action was dismissed in July 1964 by the district

court because the forum was improper. In February 1973 the defendant brought an action on the plaintiffs' behalf in the United States Court of Claims in Washington, D.C., but this claim was dismissed in September 1973 because it was barred by the applicable six-year statute of limitations.

It appears that plaintiffs' claim against the Government was barred by the federal statute of limitations in 1966. If the date of accrual of plaintiffs' claim against the defendant is 1966, their present writ dated September 7, 1973, must be dismissed as barred by either RSA 508:4 (the two-year statute of limitations on malpractice actions) or the statute as amended to six years by Laws 1969, 378:1. *See* RSA 508:4 (Supp. 1975).

"The necessary elements of a cause of action based upon negligence are the causal negligence of the defendant plus resulting harm to the plaintiff." *Shillady v. Elliot Community Hosp.*, 114 N.H. 321, 323, 320 A.2d 637, 638 (1974). Ordinarily the resulting harm to the plaintiff is immediate and obvious as in the case of negligent operation of an automobile resulting in personal injury to the plaintiff. In these cases, no difficulty arises when the cause of action is held to accrue from the date of the accident and to be barred after a lapse of six years from that date.

However a different problem arises in certain types of malpractice cases where injury to the plaintiff is not immediately known or apparent. "This has led to real difficulties where, as is frequently the case in actions for medical malpractice, the statute has run before the plaintiff discovers that he has suffered any injury at all." W. Prosser, Law of Torts § 30, at 144 (4th ed. 1971). Recognizing the unfairness of this result we recently held that "in a malpractice case involving a foreign object left in the body of a patient, the cause of action accrues when the plaintiff discovers or should have discovered that fact in the exercise of due care . . . ." *Shillady v. Elliot Community Hosp.*, 114 N.H. 321, 324, 320 A.2d 637, 639 (1974).

In our opinion no sound reasons exist to limit this rule to cases of medical malpractice. The attorney who negligently certifies a title search or the architect who negligently designs a building may leave a "foreign body" to cause harm years later. *See, e.g., Deschamps v. Camp Dresser & McKee, Inc.*, 113 N.H. 344, 306 A.2d 771 (1973). "The discovery rule" for accrual time of the action in malpractice cases finds its justification in the necessary reliance of the layman on the professional in his field and the mystery to the

layman of the professional's work. It follows that the client may not recognize negligent professional acts when they occur and should not be expected to. Accordingly, we hold that in this case the cause of action accrued at the time when the plaintiffs discovered or through reasonable care and diligence should have discovered that their action was barred by the statute of limitations. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal. 3d 176, 98 Cal. Rptr. 837, 491 P.2d 421 (1971); *Edwards v. Ford,* 279 So. 2d 851 (Fla. 1973); *Hendrickson v. Sears,* 365 Mass. 83, 310 N.E.2d 131 (1974); *Peters v. Simmons,* 87 Wash. 2d 400, 552 P.2d 1053 (1976); Annot., 18 A.L.R.3d 978 (1968).

*Remanded.*

BOIS, J., did not sit; the others concurred.