Strafford
No. 92-601

JILL MCCOLLUM

v.

GEORGE AND ELIZABETH D'ARCY

March 15, 1994

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Richard Thorner* on the brief) and *Reiser and Grant, P.C.*, of Boston, Massachusetts (*Murray P. Reiser* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Robert Upton, II* and *Gilbert Upton* on the brief, and *Robert Upton, II* orally), for the defendants.

THAYER, J. This is an interlocutory appeal from a ruling of the Superior Court (*Mohl*, J.) denying the defendants' motion to dismiss in a civil sexual assault case. We affirm and remand.

The plaintiff, Jill McCollum, now fifty years old, is the natural daughter of defendants George and Elizabeth D'Arcy, now in their eighties. She alleges that the defendants repeatedly engaged in forced sexual contact with her from early childhood until 1956, when

she was thirteen years old. The plaintiff also alleges that the defendants abused her verbally, including threats by her mother to lock her in a closet if she disclosed the sexual acts to anyone.

As a result of the defendants' acts, the plaintiff maintains, she has suffered emotional and psychological trauma virtually all her adult life. Although the alleged sexual abuse ceased over thirty-five years ago, the plaintiff asserts that she repressed all memory of it from the time it occurred until June 1990, when she began experiencing flashback episodes triggered by her attendance at a therapy workshop on child abuse. Only at that time did the plaintiff allegedly connect the physical assaults she suffered as a child with the psychological injuries she has suffered as an adult. Because of this delayed discovery, the plaintiff did not initiate her suit until December 1991.

The motion to dismiss before us, in this interlocutory appeal, was limited to the issue that the suit was time-barred. The trial court denied the motion, concluding that the statutory formulation of the discovery rule, RSA 508:4, I (Supp. 1993), applies to the facts at bar. By the defendants' accepting the plaintiff's factual allegations as true only for purposes of the motion, the trial court found that the date of discovery occurred after July 1, 1986, the effective date of RSA 508:4, I, and that the case was brought well within the statute's prescribed three-year limitations period. The trial court also ruled that the "fraudulent concealment" doctrine articulated by this court in *Lakeman v. LaFrance*, 102 N.H. 300, 156 A.2d 123 (1959), provides additional common law precedent for tolling the statute of limitations in the case at bar.

In this interlocutory appeal from the denial of the defendants' motion to dismiss, the defendants present three questions for our review: (1) whether the plaintiff's claim is barred by the applicable statute of limitations; (2) whether the doctrine of fraudulent concealment is applicable to this case; and (3) whether the discovery doctrine should be applied in repression cases when there is no corroborative evidence of the sexual abuse.

■    This court first developed the discovery rule as a method of tolling the statute of limitations "to facilitate the vindication of tort victims' rights." *Heath v. Sears, Roebuck & Co.*, 123 N.H. 512, 523, 464 A.2d 288, 294 (1983). Under the common law discovery rule, "a cause of action does not accrue until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof." *Id.* at 523–24, 464 A.2d at 294. In determining whether to apply the common law discovery rule, a court must identify, evaluate, and weigh against each other

the parties' competing interests. *Rowe v. John Deere*, 130 N.H. 18, 23, 533 A.2d 375, 377 (1987); *Raymond v. Eli Lilly & Co.*, 117 N.H. 164, 170, 371 A.2d 170, 174 (1977); *Shillady v. Elliot Community Hosp.*, 114 N.H. 321, 325, 320 A.2d 637, 639 (1974).

We have held that the common law discovery rule applies in cases of medical malpractice to toll the running of the statute of limitations until "the patient learns or in the exercise of reasonable care and diligence should have learned" of the presence of a foreign object left in the patient's body. *Shillady*, 114 N.H. at 324, 320 A.2d at 639. Over the years, this court has extended the application of the common law discovery rule to cases other than medical malpractice. *See, e.g.*, *French v. R.S. Audley, Inc.*, 123 N.H. 476, 464 A.2d 279 (1983) (timber trespass); *Raymond v. Eli Lilly & Co. supra* (drug products liability); *McKee v. Riordan*, 116 N.H. 729, 366 A.2d 472 (1976) (attorney malpractice).

The legislature, through an amendment of RSA 508:4, I, codified the discovery rule for almost all personal actions arising on or after July 1, 1986. The statute, as amended, provides:

> "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of."

RSA 508:4, I (Supp. 1993).

Prior to its amendment, RSA 508:4, I, merely established that personal actions, other than for slander or libel, must be brought within six years of the time they "accrued." *See* RSA 508:4, I (1983). In typical tort actions, ascertaining the time of accrual is relatively easy because the harm and its cause occur simultaneously. *See McKee*, 116 N.H. at 730, 366 A.2d at 473. In cases where the harm surfaces long after the cause, however, the time of accrual remained difficult to determine. As the statute did not define "accrual," this court employed the common law discovery rule to extend the time of accrual. *See, e.g.*, *Shillady*, 114 N.H. at 324, 320 A.2d at 639 (cause of action for leaving foreign object in patient's body accrues when patient learns or reasonably should have learned of its presence).

■ We have never addressed the issue of applying the common law discovery rule to a civil sexual assault case, but find no reason why it should not apply. It makes no difference that the alleged abuse occurred prior to the 1986 amendment of RSA 508:4, I, and prior to our 1974 articulation of the common law discovery rule. *See Shillady*, 114 N.H. at 324, 320 A.2d at 639. In *Shillady*, we explicitly recognized that the discovery rule applies where the defendant's physical actions occurred in 1940, yet the plaintiff did not learn of the causal connection between the defendant's actions and the ensuing harm until 1970. *Id.* at 322, 320 A.2d at 637–38. Thus, as the factual circumstances in *Shillady* illustrate, the common law discovery rule applies to operative facts dating back at least as far as 1940. Furthermore, "it is the general common law rule that appellate decisions in civil cases operate retroactively." *Stanley v. Walsh*, 128 N.H. 692, 693, 517 A.2d 1189, 1190 (1986). "A newly announced rule of law is ideally premised on the court's determination that this rule's application will reach results more just than those reached under prior law. . . . [B]y saying what the law is, the court says, in effect, what it should always have been." *Waid v. Ford Motor Co.*, 125 N.H. 640, 641, 484 A.2d 1152, 1153 (1984).

As we have already noted, the common law discovery rule may only be applied if the plaintiff's interests outweigh those of the defendants. Accepting the plaintiff's allegations as true for purposes of ruling on the defendants' motion, the trial court properly balanced the competing interests alleged in this case. The plaintiff's interest in being compensated for injuries caused by the defendants' acts, especially where the abuse and its causal connection to the plaintiff's injuries were discovered decades after the abuse took place, outweighs any interest the defendants have alleged in putting such claims to rest. *See Raymond*, 117 N.H. at 173–75, 371 A.2d at 176–77; *cf. Rowe*, 130 N.H. at 21, 23, 533 A.2d at 377, 377–78 (refusing to toll the statute of limitations where the plaintiff was aware of the cause of his injury at the time it occurred).

We reject the defendants' contention that the common law discovery rule in child sexual abuse cases should only be applied if there is independent corroborative evidence of sexual abuse. While we acknowledge that other courts have imposed such a common law requirement, *see Meiers-Post v. Schafer*, 170 Mich. App. 174, 182–83, 427 N.W.2d 606, 610 (1988); *Tyson v. Tyson*, 107 Wash. 2d 72, 79–80, 727 P.2d 226, 229–30 (1986), we have not established the requirement of independent corroboration for other potential applications of the common law discovery rule. We therefore leave the question of

whether to impose a requirement of independent corroboration of sexual abuse to the legislative process.

The trial court thus did not err in applying the discovery rule to toll the applicable statute of limitations for purposes of ruling on the defendants' motion to dismiss. In addition, because we hold that the common law discovery rule articulated by *Shillady* applies to the facts of this case for purposes of ruling on the defendants' motion to dismiss, we do not address the trial court's reliance on "fraudulent concealment," *see Lakeman v. LaFrance*, 102 N.H. at 303–04, 156 A.2d at 126, to toll the statute of limitations. We note that, on remand, the plaintiff still carries the burden to substantiate her allegations of abuse and, if challenged, to validate the phenomenon of memory repression itself and the admissibility of evidence flowing therefrom. *See State v. Cressey*, 137 N.H. 402, 628 A.2d 696 (1993).

In their motion to dismiss, the defendants challenged only the availability and applicability of the discovery rule to the operative facts of this case, not the facts themselves. The defendants thus did not challenge the plaintiff's allegations of repressed memory or the date on which she knew or reasonably should have known of the causal relationship between her alleged injuries and the defendants' alleged acts. *See* RSA 508:4, I (Supp. 1993); *Shillady*, 114 N.H. at 324, 320 A.2d at 639. Noting that the plaintiff's allegations of new memory of the alleged abuse would still be the subject of future discovery, the defendants chose to "accept such allegations" for purposes of their motion.

Thus, because counsel agreed to all of the facts necessary to determine the issues raised by the defendant as a matter of law, the trial court acted properly in making its determination based on those facts. We find that the trial court reached the only conclusions that could be deduced from the facts as alleged; namely, that the plaintiff's cause of action accrued in 1990 and that the plaintiff commenced her action within the applicable statute of limitations.

Our decision today, however, does not preclude the defendants from subsequently challenging the plaintiff's allegations regarding the date she discovered, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the defendants' alleged acts. The defendants also are not precluded, upon a showing of prejudice, from arguing that the equities in this case do not support application of the discovery rule. *See Raymond*, 117 N.H. at 173–75, 371 A.2d at 176–77.

*Affirmed and remanded.*

All concurred.