Rockingham
No. 94-189

JAYNE CONRAD

v.

MICHAEL HAZEN & a.

September 27, 1995

THAYER, J. The plaintiff, Jayne Conrad, brought an action against the defendants, Michael Hazen, Ralph Maxwell, and The Kingdom, Inc., for injuries allegedly stemming from a sexual assault. The plaintiff appeals from a decision of the Superior Court (*McHugh*, J.) granting the defendants summary judgment. We reverse and remand.

"The trial court must grant summary judgment when it finds no genuine issue of material fact, after considering the affidavits and other evidence presented in a light most favorable to the non-moving party, and when the moving party is entitled to judgment as a matter of law." *Nautilus of Exeter v. Town of Exeter*, 139 N.H. 450, 452, 656 A.2d 407, 408 (1995).

The affidavits, pleadings, and other evidence, when considered in the light most favorable to the plaintiff, support the following findings. In July 1977, the plaintiff was a member of The Kingdom, Inc., which she describes as "a cult religion." At that time, the plaintiff's parents left her with family and friends who lived on The Kingdom's premises in Amherst. During this time defendant Hazen sexually assaulted her. The plaintiff experienced pain at the time of the assault and felt "dirty, sick and scared" following the assault. After the assault, the plaintiff was scolded and blamed by her parents, Hazen's wife, and other members of the church for "her" sin. Defendant Maxwell, a minister for The Kingdom, knew of the assault and informed the plaintiff's parents, but never reported the assault to the authorities. The plaintiff never forgot the facts surrounding the assault. The plaintiff experienced numerous physical and emotional difficulties following the assault. In 1988, the plaintiff entered counseling and discussed the assault. She again entered counseling in 1991, at which time the plaintiff states she first identified her assault as rape.

The plaintiff brought an action against the defendants in September 1993, alleging damages for, *inter alia*, assault, battery, intentional infliction of emotional distress, negligence, and breach of fiduciary duty. The defendants moved to dismiss based on the statute of limitations. The plaintiff moved for summary judgment on the question of the statute of limitations, and the defendants objected. The trial court treated the defendants' motion to dismiss as a motion for summary judgment and granted it, ruling that the plaintiff's cause of action accrued in 1988 and that a three-year statute of limitations applied.

On appeal, the plaintiff argues that the trial court erred by applying (1) a three-year, as opposed to a six-year, statute of limitations; and (2) an objective test in determining when the plaintiff knew or should have known of her injuries.

Prior to 1986, the statute of limitations for personal actions was six years from the time the cause of action accrued. RSA 508:4 (1983) (pre-1986 statute). A cause of action does not accrue, however, "until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and

the cause thereof." *McCollum v. D'Arcy*, 138 N.H. 285, 286, 638 A.2d 797, 798 (1994) (quotation omitted). This definition of accrual is generally referred to as the "common-law discovery rule."

In 1986, the legislature amended the statute of limitations for personal actions. The new statute codified the discovery rule but reduced the limitations period to within three years "of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." RSA 508:4, I (Supp. 1994) (post-1986 statute). The amended statute applies "to all causes of action arising on or after July 1, 1986." Laws 1986, 227:22, II.

The first question presented is whether the action is governed by the pre- or post-1986 statute of limitations. To decide this question, we must determine when a cause of action "arises." The plaintiff argues that a cause of action arises when the act or omission complained of occurs, in this case 1977, while it may not accrue until some time later. We agree.

"When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Astro Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994) (citation and quotation omitted). To accrue means "to come into existence as an enforceable claim." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 13 (unabridged ed. 1961). "[A] cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both the fact of [an] injury and the cause thereof." *McCollum*, 138 N.H. at 286, 638 A.2d at 798. To arise, however, means "to originate from a specified source" or "to come into being." WEBSTER'S, *supra* at 117. An action arises when it "spring[s] up, originate[s], [or] come[s] into being or notice," BLACK'S LAW DICTIONARY 108 (6th ed. 1990), while it does not accrue until "a suit may be maintained thereon," *id.* at 21. While these two events often occur simultaneously, they are not synonymous.

The legislature recognized a distinction when it chose to limit the application of the post-1986 statute solely to causes of action arising after a certain date, instead of causes of action accruing after a certain date as it had in the past. The legislature's choice of language is deemed to be meaningful. 73 AM. JUR. 2D *Statutes* § 236, at 417 (1974) (legislature not presumed to have acted inadvertently). In 1981, when RSA 508:4 was previously amended, the enacting language made the amendment effective to all causes of action *accruing* after a certain date. Laws 1981, 514:2. The word

"accrue" is a term of art with a definite meaning within the framework of statutes of limitation. *See McCollum*, 138 N.H. at 286, 638 A.2d at 798. The legislature used different language in enacting the post-1986 statute. We must therefore assume that the legislature intended something different when it used different enacting language for the 1986 amendment. *See* 73 AM. JUR. 2D *Statutes* § 192, at 390 ("legislature is presumed to have adopted a new statute in light of . . . earlier acts on the same subject").

■■ A cause of action, therefore, arises once all the necessary elements are present. In the case of torts, it would be when causal negligence is coupled with harm to the plaintiff. While the action may not "accrue" until the plaintiff should reasonably know of the damage, *see McCollum*, 138 N.H. at 286, 638 A.2d at 798, it has arisen. We hold, therefore, that a plaintiff who alleges an injury based on a defendant's conduct that occurred prior to July 1, 1986, but where either the injury or its cause was not discovered until sometime after that date, would have the benefit of the six-year statute of limitations and the common law discovery rule. By creating a bright line rule that determination of the appropriate standard will be governed by the time when the act occurred, we avoid the confusion that could result from linking the applicable statute to the date of accrual.

■ The plaintiff's cause of action arose in 1977, when the sexual assault allegedly occurred, and is therefore governed by the six-year statute of limitations. The trial court erred in applying the post-1986 three-year statute of limitations to the facts in this case and granting summary judgment.

The defendants argue that if the action arose in 1977, the discovery rule is inapplicable because the plaintiff suffered injuries at the time of the assault, and never repressed the memory of the assault. If the original injury was "sufficiently serious to apprise the plaintiff that a possible violation of [her] rights had taken place," *Rowe v. John Deere*, 130 N.H. 18, 22, 533 A.2d 375, 377 (1987), the common law discovery rule would not apply. *See id.* at 22–23, 533 A.2d at 377–78. Because the trial court decided the defendants' summary judgment motions on other grounds, it did not reach the question of whether the plaintiff's injuries were sufficiently serious to apprise her that a violation of her rights had taken place. The defendants, however, "invite[] us to decide the issue in [their] favor, thereby allowing us to sustain the trial court's decision even though it was based on mistaken grounds." *Gardner v. City of Concord*, 137 N.H. 253, 260, 624 A.2d 1337, 1341 (1993). We decline the defendants' invitation. *Cf. id.*

■ The plaintiff's pleadings and affidavit make clear that in 1977, at the time of the assault, she experienced pain and physical injury. Additionally, she admits that the experience was "devastating and extremely painful" and that following the assault "[s]he felt dirty, sick and scared." While these injuries would appear to be "sufficiently serious to apprise [her] that a possible violation of [her] rights had taken place," that determination is a *question of fact* that should be decided by the trial court in the first instance.

During oral argument, the parties disagreed as to whether the plaintiff had presented a claim of fraudulent concealment. The doctrine of fraudulent concealment is an equitable ground to justify the tolling of the statute of limitations based on the wrongful conduct of the defendant. *Lakeman v. LaFrance*, 102 N.H. 300, 303–04, 156 A.2d 123, 126 (1959). While fraudulent concealment is the foundation of the discovery rule, *see Rowe*, the two rules are not coextensive. *Cf. McCollum*, 138 N.H. at 289, 638 A.2d at 800 (issue decided on discovery rule grounds; therefore, court need not address fraudulent concealment argument). As we remand this case, we need not determine whether that question was properly presented to this court.

*Reversed and remanded.*

All concurred.