Taylor v. Litteer                    CV-94-78-SD    06/26/96 P

UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Christopher Taylor

        v.                                    Civil No. 94-78-SD

Robert Litteer;
Boy Scouts of America;
Daniel Webster Council, Inc.;
First Free Will Baptist Church,
 d/b/a Gilford Community Church


                          O R D E R


     Presently before the court are plaintiff's motion to

reconsider and plaintiff's motion for certification of question

of law.  All defendants object to both motions.


1.  Motion to Reconsider, document 93

     By medium of motion filed on the tenth day post entry of

final judgment, plaintiff presumably invokes Rule 59, Fed. R.

Civ. P., and asks the court to reconsider its decision to dismiss

his claims as barred by the expiration of the statute of

limitations.

     Plaintiff's timely motion to reconsider, see Rule 59(e),

Fed. R. Civ. P., vests this court with the jurisdiction to

undertake same, Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir.

1991), and the consequent decision herein is to be viewed under a limited "manifest abuse of discretion" standard on subsequent appellate review, if any, <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d 25, 27 (1st Cir. 1994). Rule 59(e) motions are limited-use motions, "'aimed at <u>re</u>consideration, not initial consideration.'" <u>Id.</u> at 29 (quoting <u>FDIC v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992)) (internal citations and quotations omitted in <u>Falconer Glass</u>). Accordingly, such motions "'may not be used to argue a new legal theory,'" but rather "'must either clearly establish a manifest error of law or must present newly discovered evidence.'" <u>Id.</u> (quoting <u>World Univ., Inc.</u>, <u>supra</u>, 978 F.2d at 16).

Plaintiff's motion to reconsider proceeds along a dual track, arguing first (and foremost) that the court "misapprehended" plaintiff's argument that New Hampshire Revised Statutes Annotated (RSA) 508:8 (1983)[1] violates the principles of equal protection expressed in the New Hampshire Constitution, and second reasserting that plaintiff did not discover his injury or the cause thereof until 1991.

The court has previously addressed, and dismissed, plaintiff's argument concerning claimed constitutional

---

[1]RSA 508:8 provides, "An infant or mentally incompetent person may bring a personal action within 2 years after such disability is removed."

2

deficiencies in RSA 508:8. See Taylor v. Litteer, ___ F. Supp. ___, ___ & n.8, slip op. at 20 & n.8 (D.N.H. May 16, 1996). Plaintiff's attempt to reargue his position on this issue neither presents newly discovered evidence nor clearly establishes a manifest error of law. Reconsideration of the court's previous order is thus not warranted on plaintiff's first claim of error.

Plaintiff's second argument fares no better. Ignoring more recent precedent regarding the applicability of the discovery rule, e.g., Conrad v. Hazen, 140 N.H. 249, 665 A.2d 372 (1995), plaintiff attempts to characterize the "sufficiently serious" inquiry adopted by this court, as first enunciated by the Conrad court, as a "mere rule of thumb," Plaintiff's Motion to Reconsider at 8, and contends that the true inquiry "should be strictly contained to when the plaintiff discovered the injury and causation," id. at 9.

The New Hampshire Supreme Court has, however, indicated that although a "'cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both the fact of [an] injury and the cause thereof," Conrad, supra, 140 N.H. at 251, 665 A.2d at 375 (quoting McCollum v. D'Arcy, 138 N.H. 285, 286, 638 A.2d 797, 798 (1994)), a claim may both arise and accrue at the same point in time, see id. (although "arise" and "accrue" are not synonymous, "these two

3

events often occur simultaneously").  Thus, in the court's view, when a putative plaintiff's injuries are "sufficiently serious to apprise . . . that a possible violation of . . . rights had taken place," id. (quotation omitted), such plaintiff's cause of action has both arisen and accrued.  In consequence thereof, the discovery rule does not apply because the seriousness of the attendant harms puts the plaintiff (or his legal representative, if plaintiff is a minor at the time of the injury) on notice that a possible violation of rights has occurred.[2]

The evidence before the court at the time of the summary judgment motion overwhelmingly established that plaintiff suffered injuries at the time of the alleged abuse of a sufficiently serious character and degree to put him on notice of a possible violation of his rights.  The attempted intervention by his parents, therapist Mark Wright, and the local police do nothing to lessen, and perhaps enhance, the quality of such notice.

Today's rulings and those issued on May 16, 1996, fully contemplate the policy judgment "'that the interests of the opposing parties be identified, evaluated and weighed in arriving

_____

[2]The court pauses here if only to note, and thereby to emphasize, that the rule in Conrad speaks in terms of injuries and notice sufficient to inform a plaintiff of a possible, rather than a probable, violation of rights.

4

at a proper application of the statute [of limitations].'" <u>Rowe v. John Deere</u>, 130 N.H. 18, 23, 533 A.2d 375, 377 (1987) (quoting <u>Shillady v. Elliot Community Hosp.</u>, 114 N.H. 321, 325, 320 A.2d 637, 639 (1974)).  Given the seriousness of the harms suffered at the time of the alleged abuse, plaintiff's delay of nine and one half years before bringing suit is simply without a palliative justification.  The case is long past due, and the defendants herein are not required to defend claims that have, at this late date, grown stale.

Accordingly, plaintiff's motion to reconsider is denied.

## 2.  Motion for Certification, document 96

Without a case or controversy before the court, plaintiff's motion to certify a question of law to the New Hampshire Supreme Court must be and herewith is denied as moot.

### Conclusion

For the reasons set forth herein, plaintiff's motion to reconsider (document 93) is denied.  In consequence of same, the

5

motion for certification of question of law (document 96) is denied as moot.

SO ORDERED.

                    _____
                    Shane Devine, Senior Judge
                    United States District Court

June 26, 1996

cc:   Charles G. Douglas III, Esq.
      Edward D. Philpot, Jr., Esq.
      Robert E. McDaniel, Esq.
      David Woodbury, Esq.