Abramson v. PJ Currier Lumber, et al. CV-00-315-M    01/17/01
UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Mark A. Abramson and
Gillian L. Abramson,
      Plaintiffs

      v.                                        Civil No. 00-315-M
                                                Opinion No. 2001 DNH 014
P.J. Currier Lumber Co., Inc.,
Marvin Lumber and Cedar Co.,
Marvin Windows of Tennessee, Inc.,
and PPG Industries, Inc.,
      Defendants


**O R D E R**


In addition to claims against other defendants, Mark and

Gillian Abramson assert strict products liability (Count III) and

negligence (Count VI) claims against PPG Industries, Inc., for

supplying a defective wood preservative to other defendants who

applied it to window frames later installed in the Abramsons'

home.  In response, PPG moves to dismiss both counts,[1] pursuant

_____

[1]After PPG filed its motion to dismiss, plaintiffs amended
their complaint to add two additional counts (breach of warranty
and violation of the Magnuson-Moss Warranty Act) against PPG, but
did not otherwise alter the original complaint with respect to
PPG.  See Amended Complaint (document no. 26).  Under these
circumstances, the motion to dismiss is construed to apply to the
amended complaint, absent any contrary indications from the
parties.

to Fed. R. Civ. P. 12(b)(6) (document no. 16), claiming the action is barred by N.H. Rev. Stat. Ann. (RSA) ch. 508:4-b (1999). PPG also argues that plaintiffs have failed to state a claim because they have alleged damages in the form of economic loss which cannot be recovered in tort. Both arguments fail and PPG's motion is accordingly denied.

First, RSA 508:4-b is inapplicable because actions arising prior to June 26, 1990, are not covered. N.H. Laws 1990 ch. 164:3 (effective June 26, 1990) ("Applicability: Section 2 of this act [reenacting RSA 508:4-b (as amended)] shall apply only to actions arising on or after the effective date of this act."); see also RSA 508:4-b (see "History"). The point at which a cause of action "arises" can be different from the point at which it "accrues." See, e.g., Conrad v. Hazen, 140 N.H. 249, 251 (1995). A cause of action "accrues," or "come[s] into existence as an enforceable claim," when the injured party becomes aware, or reasonably should become aware, of the injury and the cause. See id. (internal quotations and citations omitted). Under New Hampshire law, a cause of action "arises" when the act or omission complained of occurs. E.g., Conrad v. Hazen, 140 N.H.

2

249, 251 (1995).  The act complained of in this case is the supplying of allegedly defective wood preservative to defendants, who stopped purchasing from PPG some time in the latter part of 1988.  <u>See</u> Amended Complaint ¶¶ 18-20 (document no. 26).  Accordingly, PPG cannot seek refuge in RSA 508:4-b.

PPG's economic loss argument also fails.  It is true that under New Hampshire law plaintiffs cannot recover in tort for pure economic loss.  <u>Border Brook Terrace Condo. Assoc. v. Gladstone</u>, 139 N.H. 11, 18 (1993).  However, in addition to economic loss, they have alleged damage to their property.  <u>See</u> Amended Complaint ¶¶ 45 ("structural damage to the home caused by the spread of rot from the windows to the structure"), 57 (alleging damage to the structure of the home "by the extension of wood rot from the windows to the structure").  To the extent the Amended Complaint seeks damage beyond economic loss, plaintiffs have stated a claim upon which relief may be granted.  PPG's motion is necessarily denied (document no. 16).

3

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 17, 2001

cc:   Andrew D. Dunn, Esq.
      Bradley A. Stolzer, Esq.
      Erik Lund, Esq.
      John A. Rachel, Esq.
      Michael T. Nilan, Esq.
      Brian T. McDonough, Esq.

4