# BELKNAP,

## JULY TERM, A. D. 1846.

---

### BOWMAN *v.* SANBORN & a., Ex'r.

Where one party fraudulently makes a representation respecting facts which give to the other party a cause of action against him, or fraudulently conceals such facts, by means of which the latter is led to believe that such cause of action does not exist until within six years prior to the commencement of his action, that is a sufficient answer to a plea of the statute of limitations.

ASSUMPSIT, against B. Sanborn and J. M. Harper, executors of the last will of Smith Sanborn, to recover $12,000, money had and received by the defendant's testator, to the plaintiff's use, on the first day of June, 1837. Writ dated February 8, 1843.

The defendant pleaded the general issue and the statute of limitations.

The plaintiff replied, *precludi non*, because, " on the first day of September, A. D. 1831, and for a long time previous to that time, he had been in partnership with said Smith Sanborn, deceased, namely, at Buckingham, in Lower Canada," " under the firm and style of Bowman & Sanborn, in the business of manufacturing lumber, and sending it to Quebec for sale; that said Sanborn during all said partnership resided at Montreal, and had the sole and entire charge of the financial concerns of said partnership, selling all of their lumber, and purchasing supplies, and had the custody of all papers and books relating to said sales and purchases; that on the first day of

October, 1831, they dissolved partnership, and on said dissolution said Sanborn, then in full life, fraudulently and falsely concealed the financial interest of said partnership, representing and affirming. that said partnership was indebted to the house of Peter McGill & Co., of Montreal, in the sum of £1,800, Canada currency, and to divers other houses and firms with whom the said Bowman & Sanborn had had accounts, in the further sum of £2,200, all equal to the sum of $16,000; and the plaintiff, confiding in the affirmations and representations of said Sanborn, paid over to him the aforesaid sum, to discharge.and liquidate the debts so represented to be due and owing by said Bowman & Sanborn; and said Sanborn accepted and received said sum from the funds of said partnership. And the plaintiff averred that there were not any sums whatever due and owing by said partnership, and that the knowledge of such fraudulent and false concealment and false representations did not come to his knowledge, nor did he discover the same until within six years, nor before the decease of said Smith Sanborn.

To this replication the defendants demurred generally.

*S. C. Lyford*, for the plaintiff.

*Pierce*, and *Perley*, for the defendants.

PARKER, C. J. The declaration presents the simple case of a claim to recover for money had and received by the defendant's testator, for the use of the plaintiff, June 1, 1837. To this there is a plea of the statute of limitations.

From the replication it appears that the action had its origin in the partnership transactions of the plaintiff and the defendants' testator, as far back as 1831, and before that time, the partnership having been dissolved in that year; and the suit is to recover a sum which the plaintiff

alleges in fact belonged to him on the settlement of the concern, but which he says he did not receive, because the deceased partner falsely and fraudulently concealed the financial interests of the partnership, representing and affirming that the partnership was indebted to certain persons in certain large sums of money, by reason of which the plaintiff paid out of the funds of the partnership to the deceased partner a large sum of money, to liquidate and discharge those supposed debts; that the deceased partner received the money on that representation, when in fact, as the plaintiff avers, nothing was due from the partnership. And he alleges that he had no knowledge of such fraudulent and false concealment and false representations, until within six years, nor before the decease of the partner, the defendants' testator, who made them.

To this replication the defendants demur. If the alleged fraud and concealment were in the course of the partnership transactions, before and distinct from the settlement, on the dissolution of the partnership, and by means of it the testator received more than his share of the partnership funds, a question might arise whether the remedy of the plaintiff, if he have any, is not exclusively in equity. But the allegation here seems to be that the fraud occurred in the settlement, upon the dissolution. The partnership concerns, it seems, are settled. Assumpsit will lie in favor of one partner to recover from the other a balance due upon the final settlement; and it may well be that it will lie to recover a sum which one partner has received, through his fraud and concealment, upon such settlement, and which in fact belongs to the other; the affairs of the partnership being adjusted and settled, except so far as such liability exists. We do not determine how that may be. That question may, perhaps, be presented when the precise facts are ascertained.

The question at the present time is, not whether the

plaintiff, supposing him to be entitled to relief, has his remedy in law or in equity; but, supposing him to have had a right of action at law, as he alleges, whether that right is barred by the statute of limitations. That is the only answer set up by the defendants' plea. The plaintiff, notwithstanding the lapse of six years, which he admits, attempts to avoid the operation of the plea, by alleging that the cause of action has its origin in the fraud and fraudulent concealment of the defendants' testator, and that he had no knowledge of the fraud until within six years of the commencement of the action.

Upon the question whether fraud and concealment are sufficient to take a case out of the statute, the authorities are conflicting. 3 Mass. 201, *First Mass. Turnpike* v. *Field;* 3 Pick. 74, *Welsh* v. *Fish;* 4 Yeates 109, *Jones* v. *Conway;* 5 Mason 7, *Sherwood* v. *Sutton;* 3 Vt. 212, *Payne* v. *Hathaway;* Aug. on Lim. 195; 20 Johns. 33, 49, *Troup* v. *Smith;* 16 Wend. 460, *McCree* v. *Purmort;* 17 Wend. 202, *Allen* v. *Mille;* 24 Wend. 587, *Humbert* v. *Trinity Church.*

A distinction has been taken, in this respect, between mere want of knowledge of the cause of action by the party seeking to recover, and concealment of it by the party sought to be charged. It has been held that an allegation that the plaintiff had no knowledge of the cause of action is not sufficient, and it is said that the existence of the cause must have been fraudulently concealed by the defendant. 9 Green. 131, *Cole* v. *McGlathry;* 9 Vt. 110, 115, 116, *Smith* v. *Bishop;* 9 Pick. 213, *Farnum* v. *Brooks;* 5 Barn. & Cres. 149, *Granger* v. *Gray.* But it appears to us that it is not necessary that there should be concealment of the existence of the cause of action farther than such concealment is shown by fraudulent representations respecting, and concealment of, the facts out of which the cause of action arises, which is substantially this case. There may be a fraudulent concealment of the

cause of action at and subsequent to the time when it accrues, without prior fraudulent representations.

We are of opinion that where one party fraudulently makes a representation respecting facts which give to the other party a cause of action against him, or fraudulently conceals such facts, by means of which the latter is led to believe that such cause of action does not exist, until within six years prior to the commencement of his action, that is a sufficient answer to a plea of the statute of limitations. Whether such fraud takes the case out of the statute, or whether it constitutes a case not within the statute, because one not within the contemplation of the legislature, and so not within the scope of the statute, we need not determine at this time.

*Judgment for the plaintiff on the demurrer.*