EIMCO–BSP SERVICES COMPANY, A DIVISION OF ENVIROTECH CORPORATION, a Corporation

v.

DAVISON CONSTRUCTION COMPANY, INC., et al.

Civ. A. No. 80–187–L.

United States District Court, D. New Hampshire.

Aug. 12, 1982.

James Wheat, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for defendant Davison Construction.

Michael R. Callahan, Gallagher, Callahan & Gartrell, Concord, N. H., for defendant Anderson-Nichols.

Laurence E. Kelly, Bossie, Kelly & Hodes, Manchester, N. H., for defendant Town of Merrimack.

Joseph F. Devan, Sheehan, Phinney, Bass & Green, Manchester, N. H., for defendant Peabody Engineering.

W. Stephen Thayer, III, U. S. Atty., Helen J. Forsyth, Asst. U. S. Atty., D. N. H., Concord, N. H. and Ray E. Spears, U. S. Environmental Protection Agency, Washington, D. C., for defendant United States.

John T. Broderick, Jr., Devine, Millimet, Stahl & Branch, Manchester, N. H., for plaintiff.

## MEMORANDUM

NORTHRUP, Senior District Judge, Sitting by Designation.

This matter is before the Court on the motion of defendant, The United States of America, filed on October 6, 1981, seeking dismissal of, or summary judgment on the revised complaint herein. Also before the Court is the motion of the United States, filed on May 10, 1982, to set aside the Rule 56(f) Order entered by the United States Magistrate on November 24, 1981, which motion renews defendant's request for dismissal or summary relief. Plaintiff has submitted its opposition thereto; the Court has entertained oral argument and now shall rule on the motions.

*Background*

Defendant, in its original motion, seeks dismissal of the revised complaint herein against it on the principal ground that the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, pursuant to which plaintiff filed this action, exempts from its provisions claims asserting a cause of action for intentional torts, such as a claim based on misrepresentation. *See* 28 U.S.C. § 2680(h) (1982 Supp.). Defendant also contends that dismissal of the instant action is mandated by the "discretionary function" exemption contained in the Act. *See* 28 U.S.C. § 2680(a).

Plaintiff sought, and was granted a continuance of defendant's motion, pursuant to F.R.Civ.P. 56(f) in order to conduct substantial discovery, specifically, review of the materials submitted to the Environmental Protection Agency ("EPA") as public comment to the particulate emissions standard promulgated by the agency. Plaintiff asserted, in its opposition to defendant's motion, that its claim against the United States is not barred by the "discretionary function" exemption, inasmuch as the acts complained of did not involve the discretionary function of promulgating standards and regulations, but, rather, involved the "specific performance of operational functions at the working level of government operations." Further, plaintiff asserted that the EPA breached its duty to analyze and evaluate the public comments in a competent manner and the duty to develop meaningful standards in connection with particulate matter emissions. (Plaintiff's motion at page 2).

On May 10, 1982, defendant United States moved to vacate the November 24, 1981 Order of the United States Magistrate which granted the continuance and also renewed its original motion to dismiss. In its renewed motion, defendant raises additional grounds for its requested relief. First, defendant contends that this Court is without jurisdiction to review the actions of the Administrator of the EPA in connection with the promulgation of standards, inasmuch as the Clean Air Act provides that such actions be filed in the United States Court of Appeals for the District of Columbia Circuit. *See* 42 U.S.C. § 7401, *et seq.* Second, the United States asserts that the Court lacks jurisdiction to entertain this action, inasmuch as plaintiff's claim is barred by the two-year statute of limitations applicable to the Federal Tort Claims Act. *See* 28 U.S.C. § 2401(b). According to defendant, the cause of action, if any, arose on the date of publication of the final emissions standard by the EPA, March 8, 1974, or, alternatively, when the EPA amended its specifications on February 20, 1975.

Plaintiff filed its opposition on May 20, 1982, asserting that the revised complaint does not seek review of the actions of the Administrator and, accordingly, this Court has jurisdiction to entertain the instant action. In response to defendant's statute of limitations defense, plaintiff states that the cause of action did not accrue until plaintiff reasonably became aware of its injuries and the causes thereof, which was sometime

subsequent to promulgation of the final standard by the EPA. Further, plaintiff contends, contrary to defendant's assertion, that the EPA was under a duty to promulgate accurate and correct regulations establishing emissions standards and a duty to analyze and evaluate the public responses in a careful and competent manner. It states, therefore, that this action may rightfully be brought pursuant to the Federal Tort Claims Act for the failure of the defendant to perform said duties. Plaintiff restated its position in a subsequent memorandum filed on August 9, 1982.

### Standard of Review

Despite plaintiff's characterization, defendant's motion has not gone beyond the pleadings herein, nor does it raise issues of fact. *See* 5 Wright & Miller, *Federal Practice and Procedure,* Civil § 1366. As a consequence, the questions presented by the subject motion are questions of law; namely, whether plaintiff's action against the United States is barred under any of the substantive provisions or exemptions contained in the Federal Tort Claims Act.

The standard to be applied by the Court in passing on this motion to dismiss is that articulated in *Conley v. Gibson,* 355 U.S. 41, 45–56, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), as follows:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The material allegations of the revised complaint herein are deemed admitted for the present purpose, *Jenkins v. McKeither,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969), and are construed in a light most favorable to plaintiff. Dismissal of the revised complaint against this defendant may be ordered "only if defendant is not entitled to relief under any set of facts he could prove." *Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir. 1976).

### The Statute of Limitations

■ Construing the action herein against the United States as one sounding in tort, the general rule in this State and elsewhere to be applied is that the cause of action accrues from the time the damages occurred. *Premium Management, Inc. v. Walker,* 648 F.2d 778, 781 (1st Cir. 1981). Although a plaintiff's ignorance of the cause of action will not toll the running of the statute, two exceptions to this general rule exist. First, the statute will be tolled where defendant has fraudulently concealed the cause of action. Second, New Hampshire has adopted the "late discovery" rule, defined as follows:

> A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that the injury may have been caused by the defendant's wrongful conduct.

*Brown v. Mary Hitchcock Memorial Hospital,* 117 N.H. 739, 743, 378 A.2d 1138 (1977).

■ The parties have raised no factual dispute as to the statute of limitations, and the only question raised by the motion is one of law; namely, the point in time when plaintiff's cause of action against the United States arose. The Court concludes that the operative event in this regard is the August 21, 1979 publication by the EPA in which the Agency acknowledged that the initial equivalence standard which it had adopted was overly restrictive, and not the date of March 8, 1974, when the EPA first published the emissions standard for municipal sewage incinerators.

■ The United States does not dispute the fact that plaintiff properly initiated an administrative action on December 22, 1980, which was well within the two-year limitations period. The record contains no indication that the EPA had acted on the administrative claim. In any event, plaintiff had the right at any time, after the running of the requisite six-month period, to treat the agency's inaction as a denial of its claim and to institute this action. *Boyd v. United States,* 482 F.Supp. 1126 (W.D.Pa.1980); 28 U.S.C. § 2675(a) (1982 Supp.).

Accordingly, the instant action having been timely filed, the motion to dismiss for failure to file within the applicable limitations period hereby is denied.

*The "Misrepresentation" Exemption*

■ In ruling on defendant's motion to dismiss and, specifically, the question of whether the instant action is barred by the "misrepresentation" exemption, 28 U.S.C. § 2680(h), the Court must "look not to the theory upon which the plaintiff now elects to proceed, but rather to the substance of the claims which he asserts." *Diaz Castro v. United States,* 451 F.Supp. 959, 963 (D.P. R.1978).

The pertinent allegations of the revised complaint are set forth in the margin.[1] The gravamen of these allegations is that plaintiff had detrimentally relied on the representation by the EPA that the volume concentration standard originally promulgated by it was equivalent to the later-promulgated pounds per dry ton standard. Further, plaintiff alleges that the EPA intended that plaintiff and others would rely on its representation that the two standards were equivalent, and that plaintiff thereby was induced, to its detriment, to meet the latter, stricter standard. At the same time, plaintiff has couched its claim in terms of negligence of the EPA in the performance of operational details. *See* paragraphs 27B and 27C of the Revised Complaint.

In passing on motions to dismiss actions brought pursuant to the Federal Tort Claims Act, the courts have drawn a distinction between causes of action based on misrepresentation, whether willful or negligent, and causes of action, which although tangentially involving a question of misrepresentation, essentially state a claim for negligent breach of a duty. By way of example, federal courts have applied the misrepresentation exemption to bar actions against the United States in instances involving the negligence of government agents in forecasting and warning of impending floods,[2] negligent testing of livestock resulting in a false report that they were diseased,[3] and incorrect advice by Veterans Administration officials causing the plaintiff to lose veterans benefits.[4]

In *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), the Supreme Court applied the misrepresentation exemption to bar a claim under the Federal Tort Claims Act against the Federal Housing Administration for its negligent preparation of an appraisal report. The Fourth Circuit Court of Appeals had sustained the claim on the basis that plaintiff was charging the government with negligence and a breach of its duty to use due care in obtaining and communicating information to a party who may reasonably be expected to rely thereon. The Supreme Court rejected the characterization of the cause of action as one for negligent breach of duty and, instead, held that the furnishing of inaccurate information constituted the common law tort of negligent misrepresentation. *United States v. Neustadt,* 366 U.S. at 706, n. 16, 81 S.Ct. at 1300, n. 16.

In contrast, in cases involving alleged misrepresentations by agents of the United States, federal courts have held the United States liable under the Federal Tort Claims

---

1. "17B. The standard expressed as 1.3 lbs. per dry ton was generally understood by all and was intended by the EPA to be the same as the original standard expressed as a volume concentration measure of 0.031 grains per dry standard cubic foot (dscf). The original standard expressed in grains per dscf was replaced by the EPA due to comments received about the difficulties involved in measuring and applying the grains per dscf standard as the intended equivalent."
   "27A. All original parties to these proceedings relied upon the EPA-intended equivalence of the standards published in 1973 and 1974 and had no indication or other informa-

tion of the fact that the lbs. per dry ton standard did indeed impose a much more stringent requirement on the scrubber system than the volume concentration standard."

2. *Nat'l Mfg. Co. v. United States,* 210 F.2d 263 (8th Cir. 1954), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954).

3. *Hall v. United States,* 274 F.2d 69 (10th Cir. 1959).

4. *Steinmasel v. United States,* 202 F.Supp. 335 (D.S.D.1962).

Act where the United States has gratuitously undertaken to perform a function. In such instances, the courts have characterized the activity as an "operational task," so as to avoid the misrepresentation exemption. In the main, this approach has been implemented in cases involving the furnishing of inaccurate information by FAA air traffic controllers. *See Delta Air Lines, Inc. v. United States,* 561 F.2d 381, 389 (1st Cir. 1977), *cert. denied,* 434 U.S. 1064, 98 S.Ct. 1238, 55 L.Ed.2d 764 (1978); *Ingham v. Eastern Air Lines, Inc.,* 373 F.2d 227 (2d Cir.), *cert. denied,* 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292 (1967); *United Air Lines v. Weiner,* 335 F.2d 379 (9th Cir. 1963); *Sullivan v. United States,* 299 F.Supp. 621 (N.D.Ala.1968), *aff'd,* 411 F.2d 794 (5th Cir. 1969).

Turning to the instant action, the Court concludes that the conduct complained of parallels the type of negligent misrepresentation which the Supreme Court addressed in *Neustadt,* namely, the furnishing of inaccurate information by an agent of the United States to one reasonably expected to rely thereon in pursuance of his economic activities. Accordingly, the revised complaint herein must be dismissed as to the defendant United States for the reason that it is exempted under the Federal Tort Claims Act, 28 U.S.C. § 2680(h).[5] A separate order will be entered confirming the ruling herein.

---

**5.** The Court's disposition herein makes it unnecessary to address the other grounds raised in defendant's motion to dismiss. Further, the motion of the United States for issuance of a protective order is rendered moot by the aforegoing decision.