Merrimack
Rockingham
No. 84-453

GLENN W. BRICKER, M.D., AND JOY M. BRICKER

v.

HAMILTON S. PUTNAM, INDIVIDUALLY, AND AS EXECUTIVE SECRETARY/
DIRECTOR OF THE NEW HAMPSHIRE MEDICAL SOCIETY

GLENN W. BRICKER, M.D., AND JOY M. BRICKER

v.

THOMAS F. FOLEY, M.D.

June 5, 1986

*Law Offices of James J. Barry, Jr.*, of Manchester, *Law Offices of David L. Broderick*, of Manchester, and *Perkins & Upshall P.A.*, of Concord (*James J. Barry, Jr., & a.* on the brief, and *Mr. Barry* orally), for the plaintiffs.

*Sulloway, Hollis & Soden*, of Concord (*Warren C. Nighswander* on the brief and orally), for the defendants.

KING, C.J. The plaintiff Glenn W. Bricker, M.D., is a physician who has been licensed to practice in New Hampshire since 1963. In that year, he was appointed to the staff at Sceva Speare Memorial Hospital in Plymouth. On May 22, 1969, the House of Delegates of the New Hampshire Medical Society held its annual meeting, at which various members of the society discussed Dr. Bricker and his medico-legal activities. Bricker was subsequently denied reappointment to the Sceva Speare staff on October 19, 1970. Shortly thereafter, he instituted legal action to contest the hospital's decision, embarking upon a course of related litigation that has continued for more than fifteen years.

Dr. Bricker's discovery of a twelve-page portion of the minutes of the May 1969 meeting of the society is the core allegation in the present actions brought in 1983 and 1984 against Hamilton Putnam, Executive Secretary/Director of the New Hampshire Medical Society, and Thomas Foley, M.D., Secretary/Treasurer of the society. Dr. Bricker and his wife, Joy Bricker, challenge the decision

of the Trial Court (*Temple,* J.) that the actions were barred by the statute of limitations. We affirm.

The complaint against defendant Putnam, filed June 1, 1983, alleged in substance:

> *Count I*—Negligent failure to include the twelve-page transcript in the Medical Society minute book, so that the plaintiff was unaware and unable to prove that the actions taken by the society caused him to be denied reappointment at Sceva Speare and appointment elsewhere in the State, thereby rendering him unable to earn a living.
>
> *Count II*—Negligent interference with the plaintiff's advantageous financial relationship.
>
> *Count III*—Negligent failure to produce or disclose the existence of the minutes in response to a 1975 United States District Court subpoena.
>
> *Count IV*—Conspiracy with various officers and employees of the society to conceal the minutes, with the same consequences as alleged in Count I.
>
> *Count V*—Negligence in causing a transcript of the minutes to be prepared, which caused the plaintiff to be denigrated, subjected to an unlawful scheme and to lose his appointment at the hospital.
>
> *Count VI*—On the part of Joy Bricker, severe mental anguish, loss of consortium and services and loss of ability to provide financial support for her children, arising from the defendants' negligent interference with Dr. Bricker's advantageous financial relationship.

The plaintiffs filed similar claims against defendant Foley in 1984. Putnam and Foley moved to dismiss, alleging, *inter alia,* that all claims were barred by RSA 508:4, which required all personal actions, including actions for defamatory words, to be brought "within six years after the cause of action accrued," RSA 508:4 (Supp. 1977), and that the action was barred by collateral estoppel because the issue of the basis for the denial of reappointment had already been litigated and decided adversely to the plaintiff.

Dr. Bricker contends that the running of the statute of limitations did not begin until May 16, 1978, the day he discovered the twelve-page transcript. In support, he cites the so-called "discovery rule" and fraudulent concealment rule. *See generally, Shillady v. Elliott Community Hosp.,* 114 N.H. 321, 320 A.2d 637 (1974). If the plaintiff is correct about the application of these rules, the action against defendant Putnam must be deemed timely, the writ having been

filed within six years of the date of discovery of the minutes. The trial court found that the writ against defendant Foley was not filed until June 5, 1984, more than six years after the alleged discovery date. Therefore, the granting of the motion to dismiss as to defendant Foley was unquestionably correct.

As a preliminary matter, we note that Joy Bricker's claims arise from the defendant's alleged negligent interference with Dr. Bricker's advantageous financial relationship. Thus, for purposes of determining whether the statute of limitations bars the plaintiffs' claims, the operative events, as well as our analysis, are identical for both Joy and Glenn Bricker.

 The discovery rule and fraudulent concealment rule serve the common purpose of preventing the unfairness that would result if an injured person were foreclosed from bringing an action before becoming aware of its existence. *Shillady*, 114 N.H. at 324–25, 320 A.2d at 639. "Under the discovery rule a cause of action does not accrue until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof." *Carson v. Maurer*, 120 N.H. 925, 936, 424 A.2d 825, 833 (1980). Similarly, the fraudulent concealment rule states that when facts essential to the cause of action are fraudulently concealed, the statute of limitations is tolled until the plaintiff has discovered such facts or could have done so in the exercise of reasonable diligence. *Lakeman v. LaFrance*, 102 N.H. 300, 303, 156 A.2d 123, 126 (1959); *Bowman v. Sanborn*, 18 N.H. 205, 209 (1846). The rationale is that a defendant should not benefit where his fraudulent conduct has prevented the plaintiff from suing before the statute of limitations has run. *See Lakeman supra.*

The facts surrounding the plaintiff's discovery of the minutes are as follows. Bricker alleged that on June 4, 1969, he requested access to the minutes of the May 22, 1969 meeting and was told that they had not yet been transcribed. He finally reviewed the minutes for that meeting at some unspecified date in late 1970 or early 1971, but he did not see the twelve pages of minutes, which had been filed separately. The balance of the minutes were numbered sequentially, so that no notice was given that pages were missing. Bricker observed a single reference to himself in the available minutes. In 1975, a subpoena was issued to Putnam in connection with other litigation instituted by Dr. Bricker. The subpoena requested "all documents . . . relating in any way to Glenn W. Bricker, M.D." Bricker alleges that the twelve pages were not produced. Finally, on May 16, 1978, Bricker came upon the twelve pages at issue, which had been inserted in the minute book between two sequentially numbered pages pertaining to the May 22, 1969 meeting.

The essence of Bricker's complaint is that the defendant's concealment of the twelve pages of minutes prevented him from knowing and proving that he was improperly denied reappointment to the Sceva Speare staff. His failure to discover the minutes, or the defendant's alleged concealment of the same, might therefore be said to have harmed the plaintiff in two ways. First, he might have been unaware of the contents of the minutes, so that he did not know the reason for his failure to gain reappointment. This argument cannot be sustained. Although the actual discovery of the twelve pages did not occur until 1978, the record indicates that Bricker was fully apprised of the *substance* of the discussion recorded therein shortly after the meeting of the house of delegates in 1969, when a member of the house informed him of everything that had taken place. Thus, it cannot be said that the plaintiff was prejudiced because he was unaware of the cause of his injury or did not know his adversary. *See French v. R. S. Audley, Inc.*, 123 N.H. 476, 480, 464 A.2d 279, 282 (1983). If the medical society's condemnation of Bricker's medico-legal activities was the reason for his failure to gain reappointment, he did not need the actual minutes to have the facts essential to his cause of action for negligent interference with an advantageous financial relationship.

■ Second, in his action against Sceva Speare, Bricker might have been prejudiced in his ability to present proof that the medical society's actions prevented him from being reappointed. The doctrine of collateral estoppel, however, operates to bar this claim. Collateral estoppel bars a party from "contesting in a subsequent proceeding on a different cause of action any question or fact actually litigated and determined against [him] in a prior suit." *Bricker v. Crane*, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978).

■ In *Bricker v. Sceva Speare Hosp.*, 111 N.H. 276, 281 A.2d 589, *cert. denied*, 404 U.S. 995 (1971), the plaintiff litigated the issue of whether the hospital's failure to reappoint him was improper. This court upheld the Trial Court's (*Johnson*, J.) finding that the plaintiff was a "disruptive force" at Sceva Speare and that the hospital's decision was "not arbitrary, capricious or unreasonable." *Id.* at 280–81, 281 A.2d at 593. The plaintiff subsequently filed a motion for a new trial on the basis of newly discovered evidence; namely, the twelve pages of minutes. After a hearing on the motion and consideration of the "extensive" documentation filed by the plaintiff, the Superior Court (*Johnson*, J.) denied the motion, finding that the evidence was "not of such a character that a different result will probably be reached at a new trial. . . . [The documents are] not likely to change the fundamental findings of the original trial." We read this

finding as precluding the plaintiff's claim that the unavailability of the minutes affected his ability to prove the reasons for his failure to gain reappointment. That question was fairly litigated and cannot be raised again in this context.

■ No unfairness has resulted from Dr. Bricker's failure to discover the minutes until 1978. The equitable considerations that govern the operation of the discovery rule and the fraudulent concealment rule, *see Shillady*, 114 N.H. at 323, 320 A.2d at 639, dictate that these rules not be applied to prevent the running of the statute of limitations in this case. The plaintiffs' cause of action accrued more than six years before they filed the writ and is therefore barred by the statute of limitations.

*Affirmed.*

BROCK, BATCHELDER, SOUTER, and JOHNSON, JJ., did not sit; DALIANIS, GRAY, O'NEIL and MANIAS, JJ., superior court justices, sat by special assignment under RSA 490:3; all concurred.