**Eileen GAGNON, Plaintiff, Appellant,**

v.

**G.D. SEARLE & COMPANY,
Defendant, Appellee.**

**No. 89–1453.**

United States Court of Appeals,
First Circuit.

Heard Sept. 8, 1989.
Decided Nov. 15, 1989.

---

Joseph F. McDowell, III, with whom Edward C. Dial, Jr., and Cullity, Kelley & McDowell, Manchester, N.H., were on brief for plaintiff, appellant.

Francis H. Fox with whom Richard L. Burpee, Brian M. Cullen and Bingham, Dana & Gould, Boston, Mass., were on brief for defendant, appellee.

Before TORRUELLA, Circuit Judge, ALDRICH and FLOYD R. GIBSON,* Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Eileen Gagnon brought this diversity suit against G.D. Searle & Company alleging that she sustained injuries from her use of the Cu–7, an intrauterine contraceptive device designed, manufactured, and sold by G.D. Searle. The district court granted G.D. Searle's motion for summary judgment on the ground that Gagnon's claim was time-barred under New Hampshire law. We affirm.

## I.

The relevant facts in this case are undisputed. Ms. Gagnon had a Cu–7 inserted in November 1978 at a family planning clinic in New Hampshire. She was advised verbally and in a written brochure that the Cu–7 could cause abnormally heavy menstrual periods, cramping, pain during intercourse, bleeding between periods, pelvic infection, fever, and abnormal discharge.

In the following months, Gagnon began experiencing many of the physical problems of which she had been warned. She consulted a physician, who recommended that the Cu–7 be removed. It was removed on March 11, 1980. Thereafter, Gagnon continued to have physical problems. She developed pelvic inflammatory disease and an ovarian cyst and underwent a total hysterectomy in November 1981.

Gagnon commenced this suit against G.D. Searle in September 1986. She asserted claims based on negligence, strict liability, and breach of warranty. After the parties engaged in some discovery, G.D. Searle moved for summary judgment, invoking New Hampshire's six-year statute of limitations for personal injury actions. Gagnon resisted that motion arguing that because G.D. Searle fraudulently concealed facts essential to her cause of action she did not discover that the Cu–7 caused her injuries until November 1981 and that the statute of limitations thus did not begin to run until then. The district court rejected Gagnon's fraudulent concealment argument and granted summary judgment to G.D. Searle. The district court noted that Gagnon stated in a deposition that by March 1980 she was aware that she was injured and that her injuries might have been caused by the Cu–7. Based on those statements, the district court ruled that Gagnon's negligence and strict liability claims accrued in March 1980 and were thus time-barred because they were not commenced until September 1986, more than six years later. The court further held that Gagnon's breach of warranty claim was also time-barred based on New

* The Honorable Floyd R. Gibson, of the Eighth    Circuit, sitting by designation.

Hampshire's four-year statute of limitations for such claims.

Gagnon now appeals, again arguing that G.D. Searle's fraudulent concealment of facts essential to her cause of action tolled the statute of limitations until November 1981.

## II.

The statute of limitations applicable to Gagnon's negligence and strict liability claims is N.H.Rev.Stat.Ann. § 508:4, which provides in pertinent part that "all personal actions, except actions for slander or libel, may be brought only within 6 years of the time the cause of action accrued." [1] Because the statute does not define "accrued," the question of when a cause of action accrues has been left to judicial determination. The New Hampshire Supreme Court has recognized that in some cases the question of accrual can become complex because there may be a delay between the time of injury and the plaintiff's discovery thereof. In response to that problem, the New Hampshire Supreme Court has adopted the discovery rule, which it most recently articulated in *Rowe v. John Deere*, 130 N.H. 18, 533 A.2d 375 (1987), as follows: " 'A cause of action will not accrue ... until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct.' " *Id.* 533 A.2d at 377 (quoting *Raymond v. Eli Lilly & Co.*, 117 N.H. 164, 371 A.2d 170, 174 (1977)).

New Hampshire has not been entirely consistent in its definition of the discovery rule. In *Brown v. Mary Hitchcock Memorial Hospital*, 117 N.H. 739, 378 A.2d 1138 (1977), the New Hampshire Supreme Court varied its description of the rule to include the notion that the statute of limitations does not begin to run until the plaintiff knows or should know of, *inter alia*, the wrongful nature of the defendant's conduct. *Id.* 378 A.2d at 1140. Before *Brown*, New Hampshire did not explicitly include this "knowledge of wrongfulness" aspect in its discovery rule. *See, e.g., Raymond*, 371 A.2d at 174; *Shillady v. Elliot Community Hospital*, 114 N.H. 321, 320 A.2d 637, 639 (1974). [2] Since *Brown*, the New Hampshire Supreme Court has on several occasions again stated the discovery rule but has never repeated the language used in *Brown* regarding the plaintiff's knowledge that the defendant's conduct was wrongful. *See Rowe*, 533 A.2d at 377; *Bricker v. Putnam*, 128 N.H. 162, 512 A.2d 1094, 1096 (1986); *French v. R.S. Audley, Inc.*, 123 N.H. 476, 464 A.2d 279, 281–82 (1983); *Carson*, 424 A.2d at 833. Thus, it is unclear at this point whether New Hampshire still adheres to the *Brown* court's version of the discovery rule. The district court in this case apparently concluded that it does not; the court stated that the statute of limitations is triggered when the plaintiff knows or should know " 'that he has been injured [and] that his injury may have been caused by the defendant's conduct.' " *Gagnon v. G.D. Searle & Co.*, No. 86–401, slip op. at 4 (D.N.H. Jan. 20, 1989) (quoting *Rowe*, 533 A.2d at 377, in turn quoting *Raymond*, 371 A.2d at 174).

---

1. Section 508:4 has been amended to allow only three years for personal actions arising on or after July 1, 1986. N.H.Rev.Stat.Ann. § 508:4 (Cum.Supp.1988).

2. Interestingly, the *Brown* court did not consider itself to be substantively amending the discovery rule; it believed that the "knowledge of wrongfulness" element was implicit in the court's prior descriptions of the rule. *Brown*, 378 A.2d at 1140. However, since *Brown* the New Hampshire Supreme Court, while stopping short of expressly approving *Brown*, has suggested that indeed *Brown* did purport to effect a substantive change in the discovery rule. *Car-*

*son v. Maurer*, 120 N.H. 925, 424 A.2d 825, 833 (1980) (stating that "[s]ince the issue is not before us, we do not consider whether *Brown* went too far in extending the discovery rule beyond discovery of the existence and cause of the injury to discovery of negligence on the defendant's part" (citation omitted)). Federal courts applying the New Hampshire discovery rule have also viewed *Brown* as having substantively amended the rule. *See Premium Management, Inc. v. Walker*, 648 F.2d 778, 781 (1st Cir.1981); *Mertens v. Abbott Labs*, 595 F.Supp. 834, 839 (D.N.H.1984).

And, we must be "reluctant to interfere with a reasonable construction of state law made by a district judge, sitting in the state, who is familiar with that state's law and practices." *Rose v. Nashua Bd. of Educ.*, 679 F.2d 279, 281 (1st Cir.1982) (citations omitted). For that reason, and also because the district court's version of the discovery rule comports with New Hampshire's most recent statements of it, we will apply the rule in this case as the district court did. That is, we understand the New Hampshire discovery rule to provide that a cause of action accrues when the plaintiff knows or should know that he is injured and that the injury may have been caused by the defendant's conduct.

New Hampshire has also long recognized that where a plaintiff is prevented from commencing a suit because the defendant is fraudulently concealing facts essential to the plaintiff's cause of action, the statute of limitations is tolled until the plaintiff knows or should know of the concealed facts. The fraudulent concealment doctrine in New Hampshire dates back to the mid-1800s, *see Bowman v. Sanborn*, 18 N.H. 205 (1846), and still exists as a means of tolling the statute of limitations. *See Shillady*, 320 A.2d at 638.

The discovery rule and the fraudulent concealment rule obviously serve a common purpose: to prevent the unfairness of extinguishing a right of action before its holder knows or should know of its existence. *Bricker*, 512 A.2d at 1096. Under either rule, the statute of limitations begins to run when the plaintiff knows or should know that he is injured and that the injury may have been caused by the defendant.

■ We turn, then, to an application of these principles to the facts of this case. Gagnon stated in a deposition taken in August 1988 that in March 1980, when the Cu–7 was removed, she knew that the abnormal bleeding, pain, and discomfort that she was experiencing may have been caused by the Cu–7. *Deposition of Eileen T. Gagnon, Appendix* at 92–93. The district court concluded, based on that statement and an application of the discovery rule, that Gagnon's tort claims against G.D. Searle accrued in March 1980 and were thus barred by the six-year statute of limitations. We agree. Even though in March 1980 Gagnon did not know with certainty the cause of her injuries or the full extent thereof, she clearly knew then that she was injured and that the injuries may have been caused by the Cu–7; under New Hampshire's discovery rule, that knowledge is sufficient to trigger the statute of limitations. *See Rowe*, 533 A.2d at 377 (holding that cause of action accrued at a certain time even though the plaintiff did not at that time know the full extent of his injuries).

Gagnon argues that the statute of limitations was tolled until November 1981 because prior to that time G.D. Searle's fraudulent concealment kept her unaware that she may have had a cause of action against it. Gagnon has not made clear specifically what G.D. Searle concealed that she became aware of only in November 1981; she argues generally that G.D. Searle concealed the dangerousness of its product. In any event, the statute of limitations began to run in March 1980 whether or not G.D. Searle at some point fraudulently concealed facts relevant to Gagnon's cause of action. The fraudulent concealment rule postpones the statute only until the plaintiff knows or should know of her injury and its probable cause. *See Bricker*, 512 A.2d at 1097 (rejecting plaintiff's fraudulent concealment argument because "it cannot be said that the plaintiff was prejudiced because he was unaware of the cause of his injury or did not know his adversary"). According to the undisputed evidence, Gagnon had that knowledge in March 1980. Armed with that knowledge, she had six years within which to investigate her options and commence a lawsuit. She failed to do so. Thus, the district court's grant of summary judgment to G.D. Searle on Gagnon's strict liability and negligence claims was proper and is affirmed.

■ The statute of limitations applicable to Gagnon's breach of warranty claim requires that an action be commenced "within four years after the cause of action has accrued." N.H.Rev.Stat.Ann. § 382–A:2–725(1) (1961). The statute fur-

ther provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach", and that "[a] breach of warranty occurs when tender of delivery is made...." N.H.Rev.Stat.Ann. § 382–A: 2–725(2). Thus, Gagnon's breach of warranty claim accrued when the Cu–7 was inserted in 1978 and was time-barred when she filed suit in 1986. Moreover, even assuming that in New Hampshire the statute of limitations for breach of warranty claims may be tolled by the defendant's fraudulent concealment, *see* N.H.Rev.Stat. Ann. § 382–A: 2–725(4), and assuming further that G.D. Searle fraudulently concealed this cause of action until November 1981, Gagnon's claim is still time-barred because it was not filed until 1986, more than four years after it accrued (under these assumptions) in November 1981.

### III.

We hold that Gagnon's claims against G.D. Searle are barred by New Hampshire statutes of limitations. Therefore, the district court's grant of summary judgment to G.D. Searle is, in all respects, affirmed.