Michael THOMAS and Jane Thomas

v.

KING RIDGE, INC., et al.

No. C–89–256–L.

United States District Court, D. New Hampshire.

July 22, 1991.

Kehoe & Karol by Marshall A. Karol, Boston, Mass., Finis E. Williams, III, Concord, N.H., for Michael Thomas and Jane Thomas.

Castaldo, Hanna & Malmberg by John A. Malmberg, Concord, N.H., for Raiche Molitor.

Devine, Millimet, Stahl & Branch by Joseph M. McDonough, III, Manchester, N.H., for King Ridge, Inc.

Brown, Olson & Wilson, P.C. by Howard B. Myers, Concord, N.H., for Tyrolia.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

LOUGHLIN, Senior District Judge.

Plaintiffs, Michael Thomas and Jane Thomas filed this civil action with claims

sounding in negligence, breach of contract and breach of warranty in the U.S. District Court for the District of Massachusetts on January 29, 1988. The Massachusetts District Court (Skinner, J.) on May 12, 1989 granted the defendant's motion for a change of venue "because evidence of defectiveness will require local witnesses." See 28 U.S.C. § 1404. Plaintiff's Amended Complaint and demand for Jury Trial was filed on July 9, 1990 (Doc. # 16). Jurisdiction in this products liability action is premised on 28 U.S.C. § 1332.

Before the court is defendants, Raichle–Molitor and Tryolia's Motion for Partial Summary Judgment (Doc. # 45) pursuant to Fed.R.Civ.P. 56(d). Defendants Raichle–Molitor and Tyrolia, have moved for Partial Summary Judgment as to Counts VII and X of the amended Complaint on the grounds that the New Hampshire statute of limitations pursuant to New Hampshire Statutes Annotated § 382–A:2–725 (1961) bar plaintiffs' breach of warranty claims.

The issue to be resolved at this juncture is whether the New Hampshire discovery rule in reference to the plaintiffs' breach of warranty claims tolls the four-year statute of limitations set forth in N.H.Rev.Stat. Ann. § 382–A:2–725.

### Statement of Facts

Plaintiffs Michael Thomas and Jane Thomas, are husband and wife and residents of Maynard, Massachusetts. Defendant King Ridge is a corporation which is incorporated in the State of New Hampshire and has its principal place of business in New London, New Hampshire. Defendant Raichle–Molitor is a corporation organized in the State of Delaware with a place of business in Brewster, New York. Defendant Tyrolia is a division of Raichle–Molitor. The ski equipment sold to defendant King Ridge by defendants Raichle–Molitor and Tyrolia consisted of a pair of skis sold by Raichle–Molitor, a set of ski bindings sold by Raichle–Molitor and a set of ski bindings sold by Tyrolia (Doc. # 18, at 4, 5, 6 and 8).

Plaintiffs Michael Thomas and Jane Thomas allege defendant King Ridge provided ski equipment that was unsafe, not of merchantable quality and unfit for its intended purposes and uses. As a result, plaintiff Michael Thomas' rental skis failed to properly release causing him to fall and incur a fracture of the leg and other injuries while alpine (downhill) skiing at the King Ridge Ski Area on January 30, 1987 at approximately 3:00 p.m.

Plaintiffs contend that the accrual of their cause of action for breach of warranties is governed by the New Hampshire discovery rule (Doc. # 46 at 3). Plaintiffs assert that because the New Hampshire discovery rule applies in this case, the four-year statute of limitations set forth in N.H.Rev.Stat.Ann. § 382–A:2–725 commenced when the plaintiff knew or in the exercise of reasonable diligence should have known that he had a cause of action on January 30, 1987 (Doc. # 46 at 4). Plaintiffs assert the four-year statute of limitations commenced on January 30, 1987 and expired on January 30, 1991, and therefore their breach of warranty claims were filed in a timely manner.

Count VII of the Amended Complaint alleges breach of express and implied warranties against defendant Raichle–Molitor. Count X of the Amended Complaint alleges breach of express and implied warranties against defendant Tyrolia. Plaintiffs assert in Counts VII and X that defendants Raichle–Molitor and Tyrolia are liable to them for personal injuries based on breach of implied warranty of merchantability and express warranties because the defendants' rental ski equipment was unsafe, not of merchantable quality and unfit for its intended purposes and uses. (Doc. # 18, Count VII at 42, Count X at 55).

Defendants Raichle–Molitor and Tyrolia seek summary judgment on Counts VII and X (Doc. # 45). Summary judgment is proper only if, viewing the record in the light most favorable to the nonmoving party, the documents on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988); Fed. R.Civ.P. 56(c). The moving party initially must "demonstrate the absence of a genu-

ine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "material" issue exists where the factual dispute "affect[s] the outcome of the suit, in the sense that it need[s] to be resolved before the related legal issues can be decided." *Local No. 48, United Brotherhood of Carpenters and Joiners of America*, 920 F.2d 1047 (1st Cir.1990) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 243, 106 S.Ct. at 2507; *Oliver*, 846 F.2d at 105. Once the moving party has made the required showing, the adverse party must "go beyond the pleadings" and designate specific facts to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553; *Oliver*, 846 F.2d at 105; Fed.R.Civ.P. 56(e).

The federal rules mandate the entry of summary judgment, after adequate time for discovery sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552. Once the party moving for summary judgment avers an absence of evidence to support the nonmoving party's case, the burden is on the latter to establish the existence of an issue of fact that is both genuine and material. *Kelly v. United States*, 924 F.2d 355 (1st Cir.1991).

## Discussion

The plaintiffs, Michael Thomas and Jane Thomas, claim that genuine issues of material fact exist. Plaintiffs allege that the accrual of their cause of action for breach of warranties is governed by the New Hampshire discovery rule. Plaintiffs contend that their cause of action for breach of warranties accrued on January 31, 1987 and that the statute of limitations for an action of breach of warranty does not ex-pire until January 31, 1991. Therefore, plaintiffs claim they commenced this action well within the time period allowed by N.H.Rev.Stat.Ann § 382–A:2–725 (Doc. # 46).

Defendants, Raichle–Molitor and Tyrolia, claim the discovery rule as interpreted and applied in New Hampshire does not apply to claims based on contract such as breach of warranty. Thus, the defendants argue N.H.Rev.Stat.Ann. § 382–A:2–725 requires application of a four-year statute of limitations in this case. Defendants assert that they sold the ski equipment to defendant King Ridge in October of 1983 and that the statute of limitations began to run on that date, therefore, the plaintiffs breach of warranty claims are now barred by the statute of limitations (Docs. # 45, 47).

Plaintiffs rely on *Town of Hooksett School Dist. v. W.R. Grace Co.*, 617 F.Supp. 126 (D.C.N.H.1984). *In Town of Hooksett School Dist.*, [t]his court stated New Hampshire's statutes of limitations subsume a "discovery rule" which provides that the statute of limitations will not begin to run until such time as the plaintiff knew or, in the exercise of reasonable diligence, should have known that it had a cause of action against the defendant. *Id.* at 131. Moreover, the statute of limitations will be tolled where plaintiff demonstrates that defendant fraudulently concealed the very existence of plaintiff's cause of action. *Id.*

In New Hampshire, the usually absolute bar of the statute of limitations is modified in two instances. First, the limitations period will not begin to run against the plaintiff until such time as he discovers, or in the exercise of reasonable diligence should have discovered that he has been injured by the defendant's acts or omissions. *Town of Hooksett School Dist. v. W.R. Grace Co.*, 617 F.Supp. 126, 129 (D.C.N.H.1984) (quoting *EIMCO–BSP Services Company v. Davison Construction Company*, 547 F.Supp. 57, 59 (D.C.N.H.1982)). Secondly, the limitations period will be tolled whenever the defendant has fraudulently concealed from the plaintiff the very fact that he has a cause of action. *Id.*

■ The discovery rule and the fraudulent concealment rule obviously serve a common purpose: to prevent the unfairness of extinguishing a right of action before its holder knows or should know of its existence. *Gagnon v. G.D. Searle & Co.,* 889 F.2d 340, 343 (1st Cir.1989) (quoting *Bricker v. Putnam,* 128 N.H. 162, 512 A.2d 1094, 1096 (1986)). Under either rule, the statute of limitations begins to run when the plaintiff knows or should know that he is injured and that the injury may have been caused by the defendant. *Gagnon,* at 343.

■ The discovery rule discussed above in reference to tort claims cannot toll the running of the statute of limitations as to the plaintiff's warranty claims because it has not been extended to contract actions in New Hampshire. *City of Manchester v. National Gypsum Co.,* 637 F.Supp. 646, 653 (D.R.I.1986) (quoting *French v. R.S. Audley, Inc.,* 123 N.H. 476, 479, 464 A.2d 279, 282 (1983)).

In New Hampshire the causes of action for implied and express warranties are derived from the Uniform Commercial Code. *Brescia v. Great Road Realty Trust,* 117 N.H. 154, 157, 373 A.2d 1310, 1312 (1977); *Raymond v. Eli Lilly & Co.,* 412 F.Supp. 1392, 1403 (D.C.N.H.1976), aff'd 556 F.2d 628 (1st Cir.1977). N.H.stat.Ann. § 382–A:2–725 provides in relevant part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

(4) this section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this chapter becomes effective.

This provision states that in a warranty action the limitations period normally commences to run upon tender of delivery, and it runs even though the buyer does not know the good are defective. *Wentworth v. Kawasaki, Inc.,* 508 F.Supp. 1114, 1116 (D.C.N.H.1981); *Raymond v. Eli Lilly & Co.,* 412 F.Supp. 1392, 1403 (D.C.N.H.1976). This outcome contrasts markedly with the New Hampshire tort statute where the limitations period does not begin to run until the defect manifests itself.

■ In the present matter, the date of purchase or tender of delivery of the ski equipment to defendant King Ridge by defendants Richle–Molitor and Tyrolia occurred in October of 1983 (Doc. # 34) (Affidavit of Howard Myers verifying invoice # 22174 produced in discovery by King Ridge on October 26, 1988). The plaintiffs breach of warranty accrued in October 1983 when defendants, Raichle–Molitor and Tyrolia, delivered the ski equipment to defendant King Ridge and was time-barred when the plaintiffs filed suit in January of 1988.

In light of the facts of this case, neither the New Hampshire discovery rule nor the fraudulent concealment exception are available to the plaintiffs' warranty claims in order to toll the four-year statute of limitations pursuant to N.H.Rev.Stat.Ann. § 382–A:2–725.

### Conclusion

In concluding the review of the facts and relevant law, Counts VII and X of the Amended Complaint do not present any genuine issue as to any material fact concerning the breach of warranty claims sufficient to toll the statute of limitations. The inescapable result is that Counts VII and X must be barred for failure to be filed within the four-year statute of limitations period pursuant to N.H.Rev.Stat.Ann. § 382–A:2–725. Therefore, partial summary judgment (Doc. No. 45) is granted for defendants, Raichle–Molitor as to Count

VII, and Tryolia as to Count X of the Amended Complaint.