English v. Sanderson, et al.          CV-01-108-M    05/25/01
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Deirdre English; Michael G. Terner;
Rebecca F. Terner; and Richard Holliday,
Personal Representative of the Estate of
Ian Donald Terner, Deceased,
        Plaintiffs

        v.                                  Civil No. 01-108-M
                                            Opinion No. 2001 DNH 099
Jeppesen Sanderson, Inc.;
and Jeppesen & Co., GmbH,
        Defendants


                        **O R D E R**


        In this diversity suit, plaintiffs assert a wrongful death

claim, and related causes of action sounding in tort, against

defendants, who allegedly published defective aeronautical

navigation charts that caused an aircraft crash, killing all

aboard.  Defendants move to dismiss the complaint on grounds that

plaintiffs' claims are all time-barred, and plaintiffs object.

Having reviewed the pleadings, the court concludes that each

asserted cause of action is plainly barred by the applicable New

Hampshire limitations statute.

        Each of plaintiffs' claims arises from Ian Donald Terner's

death on April 3, 1996, in an aircraft accident that occurred in

Croatia. The complaint's basic wrongful death claim is governed by N.H. Rev. Stat. Ann. ("RSA") 566:11, which provides in pertinent part: "If an action [for wrongful death] is not then pending, one may be brought for such cause at any time within six years after the death of the deceased party, subject to the provisions of RSA 508." The relevant portion of RSA 508 states: "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within three years of the act or omission complained of." RSA 508:4.

Although plaintiffs seem to doubt it, the New Hampshire Supreme Court has authoritatively construed the pertinent state law to mean that "the six-year period set forth in the statute [RSA 566:11] is subservient to or governed by the provisions of RSA chapter 508." Cheever v. Southern New Hampshire Regional Medical Center, 141 N.H. 589, 591 (1997). Accordingly, the Court held that the limitations period applicable to wrongful death claims is, as a matter of New Hampshire law, three, not six, years. (Plaintiffs seem to concede, as they must, that their other asserted claims sounding in tort are personal actions unambiguously subject to the three year limitations period set out in RSA 508:4.)

2

Since the complaint asserts wrongful death and personal causes of action, and because it was not filed within three years of the accrual[1] of those causes of action, the applicable statute of limitations, as authoritatively construed in Cheever, operates to bar their presentation now. That is not to say, of course, that a reasonable and plausible alternative construction of RSA 566:11 and RSA Ch. 508 does not present itself, but merely that the New Hampshire Supreme Court saw the issue, and resolved the issue differently, and in a way that disposes of this matter.

## Conclusion

Defendant's motion to dismiss (document no. 3) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

---

[1] Generally tort causes of action accure when plaintiff discovers, or thorough the exercise of reasonable diligence should have discovered, that he or she is injured and the injury may have been caused by the defendant's conduct. See e.g., Sinclair v. Brill, 857 F.Supp. 132 (D.N.H. 1994); Gagnon v. G.D. Searle & Co., 889 F.2d 340 (1st Cir. 1989).

3

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 25, 2001

cc:  Andrew M. Friedman, Esq.
     Pamela E. Phelan, Esq.

4