**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0652, <u>Tracey L. Russo v. Granite State Podiatry Associates, P.A. & a.</u>, the court on October 12, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The plaintiff, Tracey L. Russo, appeals the decision of the Superior Court (<u>Delker</u>, J.) granting summary judgment on her medical malpractice claims in favor of the defendants, Granite State Podiatry Associates, P.A. (Granite State) and Kevin Souza, D.P.M.  We affirm.

I

The following facts are established by the record.  On October 16, 2017, Souza performed surgery on the plaintiff's foot.  At a follow-up appointment with Souza three days later, the plaintiff reported feeling intense pain.  At another follow-up visit on November 6, 2017, the plaintiff told Souza that there was no space between her big toe and second toe post-surgery.  The plaintiff testified in her deposition that, by early to mid-November 2017, she understood that the surgery was not done correctly.  Although she "wasn't exactly sure" what had gone wrong with the surgery, she knew that her toe "looked like it was misaligned."  The plaintiff took more than thirty photographs of her feet in November 2017.  She saw Souza for the last time on December 28, 2017.  When the plaintiff sought a second opinion from a different doctor in January 2018, that doctor expressed criticism of Souza's conduct during surgery.  She underwent corrective surgery in 2018 performed by her new doctor.

On December 21, 2020, the plaintiff brought an action for medical injury pursuant to RSA chapter 507-E alleging negligence and lack of informed consent against Souza, and vicarious liability against Granite State.  Souza moved for summary judgment, asserting that the suit was barred by the statute of limitations.  <u>See</u> RSA 508:4, I (Supp. 2022).  Granite State joined the motion.  The plaintiff objected, arguing that both the fraudulent concealment and the "continuous treatment" rules tolled the statute of limitations, and that she did not discover the facts supporting her claim for lack of informed consent until she consulted with a second doctor in January 2018.  The trial court granted summary judgment in favor of the defendants.  The court subsequently denied the plaintiff's motion for reconsideration.  This appeal followed.

On appeal, the plaintiff argues that the trial court erred in its application of the fraudulent concealment and continuing treatment rules, and in its calculation of the statute of limitations because her "lack of informed consent claim did not accrue until after [the] plaintiff was informed by her subsequent surgeon that Dr. Souza misinformed her as to her condition and the need for surgery." (Capitalization and bolding omitted.)

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III (2010). We review a trial court's grant of summary judgment by considering the affidavits and other evidence, and the inferences properly drawn from them, in the light most favorable to the non-moving party. Beckles v. Madden, 160 N.H. 118, 122 (2010). If our review of the evidence fails to reveal any genuine issues of material fact, i.e., facts that would affect the outcome of the litigation, and if the moving party is entitled to judgment as a matter of law, we will affirm. See id. at 123. We review the trial court's application of law to the facts de novo. Id.

Medical malpractice actions "may be brought only within 3 years of the act or omission complained of." RSA 508:4, I. The statute of limitations constitutes an affirmative defense, and the defendant bears the burden of proving that it applies in a given case. See Beane v. Dana S. Beane & Co., 160 N.H. 708, 712 (2010). A defendant can meet this burden by proving that the plaintiff failed to bring her claim within three years of the injury complained of. See id. As the trial court found in this case, the defendants met that burden because the foot surgery that caused the plaintiff's alleged injury occurred on October 16, 2017, more than three years before she brought suit on December 21, 2020. Accordingly, the burden shifted to the plaintiff to demonstrate that an exception to the statute of limitations applied. See id. at 713.

The plaintiff's asserted exceptions to the statute of limitations included the fraudulent concealment rule and the continuing treatment rule. As to the former, the plaintiff asserts that, because Souza told her "at every appointment" that he did not know why she was still having pain and her second doctor told her that "the explanation for her on-going pain was obvious," Souza "falsely concealed what he knew to be the real reason (presumably to get paid to do a 'revisional surgery' to correct his surgical misdeeds)." We disagree that the fraudulent concealment rule applies to the facts of this case.

The fraudulent concealment rule serves the purpose of preventing the unfairness that would result if an injured person were foreclosed from bringing

an action before becoming aware of its existence.  Bricker v. Putnam, 128 N.H. 162, 165 (1986).  Pursuant to the rule, "when facts essential to the cause of action are fraudulently concealed, the statute of limitations is tolled until the plaintiff has discovered such facts or could have done so in the exercise of reasonable diligence."  Id.  The rationale is that a defendant should not benefit where his fraudulent conduct has prevented the plaintiff from suing before the statute of limitations has run.  Id.  As the trial court determined, however, "the plaintiff does not point to any facts or evidence that . . . misled her about the nature [or] cause of her injury," and Souza "did not say or do anything to the plaintiff that prevented her from discovering that something went wrong with the foot surgery."  We have reviewed the record and agree with the trial court that the plaintiff presented "no evidence that because of Dr. Souza's words or actions she did not recognize or appreciate that she suffered an injury that Dr. Souza caused."

As to the continuing treatment rule, we have not adopted such a rule in this jurisdiction and decline to do so here.  Cf. Beane, 160 N.H. at 715 (declining to adopt the "continuing representation" rule for an accounting malpractice claim); Coyle v. Battles, 147 N.H. 98, 101 (2001) (declining to adopt the "continuing representation" rule for a breach of contract claim).

Finally, we reject the plaintiff's argument that she "did not know that she had consented to surgery based on false information" and, therefore, her "lack of informed consent claim" did not accrue until January 8, 2018 when she received a second opinion by her second doctor.  We interpret the plaintiff's argument as invoking the discovery rule.  See RSA 508:4, I.

According to RSA 508:4, I, the three-year limitations period does not begin to run until two prongs are satisfied: first, a plaintiff must know or reasonably should have known that she has been injured; and second, a plaintiff must know or reasonably should have known that her injury was proximately caused by conduct of the defendants.  Balzotti Global Grp., LLC v. Shepherds Hill Proponents, LLC, 173 N.H. 314, 321 (2020).  To obtain the benefit of the discovery rule and overcome the defendants' statute of limitations defense, the plaintiff must prove that at least one prong was not yet satisfied at a time within three years of the plaintiff's commencement of the action.  Id.  Thus, the discovery rule does not apply unless the plaintiff proves that she did not discover, and could not reasonably have discovered, either the alleged injury or its causal connection to the defendants' alleged wrongful act or omission.  Id.  However, the rule is not intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself.  Id. The fact that the plaintiff could reasonably discern that she suffered some harm caused by the defendants' conduct is sufficient to render the discovery rule inapplicable.  Id.  Moreover, the plaintiff need not be certain of the causal connection; the possibility that it existed will suffice to obviate the protections of the discovery rule.  Id.

"Although sometimes viewed as a separate theory of recovery, an informed consent action is really just another context in which the plaintiff alleges professional negligence."  1 David W. Louisell & Harold Williams, Medical Malpractice § 802(4)(d) (2011).  "In most cases, medical malpractice and informed consent claims will conform so closely that knowledge of facts sufficient to start the statute of limitations on one claim should start running on the other."  Baird v. American Medical Optics, 713 A.2d 1019, 1027 (N.J. 1998).  "Plaintiffs who are aware that they have been injured due to the fault of another should not be able to postpone the institution of a timely action merely by picking one theory of recovery over another."  Id.

Here, the plaintiff concedes that she "consented to the arthrodesis procedure performed by [Souza]."  The plaintiff's expert did not offer an opinion that Souza "did not supply that type of information regarding the treatment, procedure or surgery as should reasonably have been given."  RSA 507-E:2, II(a) (2010); see RSA 507-E:2, I (2010).  Indeed, the summary judgment record supports that Souza "identified the different options for treatment and explained the risks and benefits of each," he "appropriately consented Ms. Russo for both a bunionectomy and arthrodesis, and she signed two informed consent forms on two different dates, after being informed that the choice in procedure would be informed by intraoperative findings."  Thus, rather than setting forth a separate claim based on lack of informed consent, the plaintiff's theory is based on medical misdiagnosis; in other words, negligence.

Here, as the trial court concluded, and the record demonstrates, by at least the beginning of December 2017, the plaintiff "had sufficient information to know that something went wrong with the surgery" and "knew or should have known that she suffered an injury resulting from her recent foot surgery."  Thus, the plaintiff "did not need to wait" until she got a second opinion from a doctor who "told her exactly what went wrong with the surgery to trigger her duty to investigate what happened."  Accordingly, the trial court did not err in determining that the plaintiff's theory based on "lack of informed consent" was barred by the statute of limitations.

For the foregoing reasons, we affirm the trial court's grant of summary judgment to the defendants.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4